NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0160n.06
Filed: February 28, 2006

Case No. 05-5799

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MATTHEW WILLIAM ROSS,            )
                                 )
    Plaintiff-Appellant,         )
                                 )       ON APPEAL FROM THE
        v.                       )       UNITED STATES DISTRICT
                                 )       COURT FOR THE MIDDLE
SOUTHWESTERN/GREAT AMERICAN,     )       DISTRICT OF TENNESSEE
INC.,                            )
                                 )
    Defendant-Appellee.          )
                                 )
_____  )
                                 )

BEFORE:  BOGGS, Chief Judge and BATCHELDER, Circuit Judges; WEBER, District Judge.*

    **ALICE M. BATCHELDER, Circuit Judge.**  Plaintiff-appellant, Matthew Ross ("Ross"),

appeals the district court's order, pursuant to Federal Rule of Civil Procedure 12(c), dismissing his

complaint alleging that defendant-appellee, Southwestern Great American, Inc. ("Southwestern"),

violated his rights under an employment contract when it terminated him for an "incident" that

occurred before the effective date of the contract.  The district court exercised diversity jurisdiction

under 28 U.S.C. § 1332.  We have jurisdiction pursuant to 28 U.S.C. § 1291 for appeals of the final

judgment of dismissal.  Because the district court properly dismissed Ross's complaint, we affirm.

**I.**

---

*The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

Ross filed this breach of contract action against Southwestern on June 24, 2004, alleging that Southwestern had employed him under a contract of employment that was to extend from October 1, 2003 through September 30, 2004, but had wrongfully terminated his employment with approximately eleven months remaining on the contract. The complaint alleges that the sole reason given for his termination was an incident which had occurred a year before the inception of the contract. The complaint does not disclose the circumstances of the "incident," and does not deny that it occurred, nor does it allege that Southwestern's reason for terminating his employment was disingenuous. Rather, relying on the contract's Entire Agreement provision ("merger clause") the complaint argues only that "[t]he incident before the contract was entered could not have been legal grounds for termination since the contract specifically provides that it is an entire agreement and 'superceding all negotiations, prior discussions and preliminary arrangements, written or oral.'" Ross's employment contract is attached to his complaint as "Exhibit A."

Southwestern filed a Motion for Judgment on the Pleadings contending that as a matter of law Ross's complaint fails to state a claim upon which relief may be granted because the contract's merger clause applies to prior agreements between the parties, not to prior conduct. The district court, upon reviewing the pleadings and the attached employment contract, granted Southwestern's Motion for Judgment on the Pleadings, and dismissed Ross's complaint with prejudice.

**II.**

We review de novo the district court's Judgment on the Pleadings. *Penny/Ohlmann/Nieman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005).

The employment contract at issue here contains the following relevant provisions:

*Termination*:

2

In the event Employee does not fully, consistently, and with total loyalty exclusively to Southwestern's Interest, perform each and all of his obligations under this agreement or for other good cause, including without limitation, dishonesty, disloyalty, negligence, or other misconduct, this agreement shall be terminable by Southwestern, effective immediately, upon notice to Employee, such notice to subsequently be confirmed in writing; and that no further compensation shall be due except that which has already been earned by passage of time or the sale of product. In the event of a resignation, no further compensation or severance pay will accrue or be due after that date.

*Entire Agreement*:

This agreement constitutes the entire understanding between the parties with respect to the subject matter hereof, superseding all negotiations, prior discussions and preliminary agreements, written or oral.

Ross contends that the district court erred in its reading of the contract and thereby failed to construe the facts in the light most favorable to Ross, the non-moving party. *See Wallin v. Norman*, 317 F.3d 558, 561 (6th Cir. 2003) (noting that this court must construe the facts in the light most favorable to the non-moving party).

The district court held that the contract's merger clause and termination clause were clear and unambiguous provisions, "each of which is separate and distinct from the other." The court found that the merger clause specifically applies to prior contractual agreements between the parties, and does not apply to prior individual conduct. Furthermore, the court noted, the contract's termination clause provides that Ross could be terminated for, *inter alia*, "other good cause," and expresses no temporal limitation which would preclude Southwestern from terminating Ross for conduct that pre-dated the inception of the contract. The district court concluded that under a plain, ordinary reading of the termination provision, Southwestern had the contractual and legal right to terminate Ross's employment; that the merger clause does not limit the termination clause; and that

3

Ross could not establish that he had been terminated in violation of the express provisions of the employment contract.

On appeal, Ross abandons the only ground for relief stated in his complaint, that is, that the merger clause prevented Southwestern from terminating Ross's employment, and he concedes that the district court properly concluded that the merger clause is not applicable. Ross now argues that the termination provision should be read to allow for discharge only for events occurring during the contract's term, and the district court erred in concluding to the contrary.

We disagree. First, the district court properly concluded that the contract's merger clause applied only to prior contractual negotiations, discussions and agreements between the parties, and did not apply to prior individual conduct. Accordingly, the court correctly concluded that the merger clause did not, as a matter of law, prohibit Southwestern from terminating Ross for conduct that occurred prior to the contract's execution. Inasmuch as this is the only claim for relief raised in the complaint, the district court could have ended its analysis at that point. But the court went on to review the language of the termination clause of the contract, and correctly concluded that the language is clear and unambiguous on its face, and that as a matter of law, nothing in the termination provision bars Southwestern from terminating Ross's employment for conduct that had occurred prior to the execution of the contract. Accordingly, the court correctly concluded, Southwestern had the contractual and legal right to terminate Ross's employment on the basis of the facts set forth in the pleadings, and Ross cannot demonstrate that he was terminated in violation of the express provisions of the contract.

4

Because we find no error in the district court's reading of the contract and the facts presented in the pleadings, and because it is clear that Ross cannot state any claim for relief consistent with the facts in his complaint, we **AFFIRM** the judgment of the district court.