RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0031P (6th Cir.)
File Name: 03a0031p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ROBERT N. WALLIN,
　　　　*Plaintiff-Appellee,*

　　　*v.*

SILAS NORMAN, et al.,
　　　　*Defendants-Appellants.*

No. 02-1634

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 90-73881—Victoria A. Roberts, District Judge.

Argued: December 10, 2002

Decided and Filed: January 27, 2003

Before: NORRIS and GILMAN, Circuit Judges;
McKEAGUE, District Judge.*

———

**COUNSEL**

**ARGUED:** Kevin R. Himebaugh, OFFICE OF THE
ATTORNEY GENERAL, CORRECTIONS DIVISION,

---

* The Honorable David W. McKeague, United States District Judge
for the Western District of Michigan, sitting by designation.

Lansing, Michigan, for Appellants. Margaret A. Costello, DYKEMA GOSSETT, Detroit, Michigan, for Appellee. **ON BRIEF:** Kevin R. Himebaugh, OFFICE OF THE ATTORNEY GENERAL, CORRECTIONS DIVISION, Lansing, Michigan, for Appellants. Margaret A. Costello, DYKEMA GOSSETT, Detroit, Michigan, for Appellee.

---

## OPINION

---

RONALD LEE GILMAN, Circuit Judge. Robert N. Wallin was incarcerated at the Southern Michigan Prison from March 4, 1986 until February 18, 1988. He claims that he was denied proper medical treatment while in prison, and that those responsible for his allegedly inadequate medical care were deliberately indifferent to his serious medical needs, all in violation of the Eighth Amendment. He sued prison officials Dr. Timothy P. Barth, James Borton, Dr. Randall Brown, Eric Jacobson, David Landenburger, Dr. Silas Norman, and Leonard Pawlowski. The prison officials filed a motion to dismiss and/or for summary judgment, asserting qualified immunity as a defense. Their motion to dismiss was denied, and the district court declined to address the merits of their summary judgment motion pending the completion of discovery. For the reasons set forth below, we **AFFIRM** the decision of the district court regarding the motion to dismiss, but **REVERSE** its decision to defer a ruling on the motion for summary judgment and **REMAND** for further proceedings consistent with this opinion.

### I. BACKGROUND

**A. Factual background**

Wallin suffered from several medical conditions while in prison. Two of these ailments in particular are the subject of his complaint. The first such ailment was a urinary tract infection. In his fourth amended complaint, which is the one at issue in this appeal, Wallin alleges that he first reported his

### III.    CONCLUSION

For all of the reasons set forth above, we **AFFIRM** the decision of the district court regarding the motion to dismiss, but **REVERSE** its decision to defer a ruling on the motion for summary judgment and **REMAND** for further proceedings consistent with this opinion.

symptoms and signed up for "sick call" on November 8, 1987. Although he was seen by Dr. Brown on November 10, Wallin alleges that he was not seen by his primary physician, Dr. Barth, until November 16. He was diagnosed and treated for epididymitis and an enlarged testicle. Wallin alleges that he developed a low sperm count and had severe pain during intercourse as a result of the inadequate medical treatment.

His second major medical complaint concerns an injury that he sustained to his leg and ankle from falling through a set of bleachers in the prison yard on April 14, 1987. Wallin alleges that he was forced by Officer Landenburger to remain in the prison yard for the remaining block of time allocated for exercise, and that he was denied a pass to go to the medical clinic and nurses' station by Sergeant Borton after returning to his cell block. Although it is unclear what course Wallin's treatment took, he suffered an infection in his leg as a result of the injury that plagued him throughout his imprisonment. Wallin continued to receive ongoing medical treatment for his injuries until his death approximately two weeks before this case was orally argued. His family has appointed a personal representative to proceed with the appeal.

### B.    Procedural background

Wallin originally filed this lawsuit as a *pro se* civil rights action under 42 U.S.C. § 1983 on February 20, 1990. The case has a long and unusual procedural history, including a period of about eight years when it was inactive. This dormancy ended when the district court entered an order in September of 2000 reopening the case. Between the fall of 2000 and the early part of 2001, Wallin filed a second amended complaint, the district court dismissed several defendants, and Wallin voluntarily dismissed several more. In the spring of 2001, the remaining defendants filed a motion to dismiss and/or for summary judgment. The district court, on September 26, 2001, denied the motion to dismiss and ruled that the motion for summary judgment was premature. On October 31, 2001, the district court rejected the magistrate judge's December 22, 2000 recommendation that  Jacobson

and Dr. Norman be dismissed from the lawsuit. Wallin then filed his third amended complaint on November 16, 2001.

In response, the defendants filed a new motion to dismiss and/or for summary judgment. Rather than addressing the merits of the motion, the district court granted Wallin leave to file still another amended complaint in his apparent effort to meet the heightened pleading standard for qualified immunity in effect at the time. *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995). The defendants then moved to stay discovery until the issue of qualified immunity was determined, or until May 1, 2002, whichever came first. Initially, Wallin objected to the stay, but later stipulated to it. The district court entered the stay on February 7, 2002 and conducted a hearing on the motions on April 24, 2002. On April 30, 2002, the district court entered its opinion and order denying the motion to dismiss and ruling that the motion for summary judgment was premature. The prison officials filed a motion to reconsider, which was denied on May 9, 2002.

## II.    ANALYSIS

### A.  Standard of review

Dismissals under Rules 12(b)(6) (for failure to state a claim upon which relief can be granted) and 56 (for summary judgment) of the Federal Rules of Civil Procedure are reviewed *de novo*. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). "[W]e draw all reasonable inferences from the relevant record in favor of the non-movant, and, for purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the non-movant must be taken as true." *Id.* (internal citations and quotation marks omitted) "Because the issue of qualified immunity is a legal question, no deference is due the district court's conclusion." *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 998 (6th Cir. 1994).

### 2.  *Wallin failed to submit a Rule 56(f) affidavit in response to the motion for summary judgment*

Pursuant to Rule 56(f), a party opposing a motion for summary judgment is allowed to state that he or she is unable to present facts essential to justify the party's opposition. In that situation, the district court may permit further discovery so that the nonmoving party can adequately oppose the motion for summary judgment. But it is up to the party opposing the motion to state why more discovery is needed. *See Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) ("[T]he non-movant must file an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery."); *Good v. Ohio Edison Co.*, 149 F.3d 413, 422 (6th Cir. 1998) (holding that a party invoking Rule 56(f) protections must "affirmatively demonstrate . . . how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact") (internal quotation marks omitted); *Skousen*, 305 F.3d at 527 (pointing out that "[the plaintiff did not] file an affidavit, as required by Federal Rule of Civil Procedure 56(f), explaining her failure or inability to file her affidavits in opposition").

Wallin did not file such an affidavit. In its absence, there is no justification for the district court's blanket statement that a motion for summary judgment will be premature until the close of discovery. *Skousen*, 305 F.3d at 526-27. We also note that neither Wallin nor the defendants fully addressed the evidence in the record supporting and opposing the motion for summary judgment, instead focusing on the merits of the motion to dismiss and on the district court's dismissal of the motion for summary judgment as premature. We therefore remand the case for the district court to consider the motion for summary judgment on its merits.

Similarly, in *Anderson v. Creighton*, 483 U.S. 635, 646 (1987), the Court reiterated that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government." (internal quotation marks omitted)

The defendants also contend that district courts are not permitted to avoid deciding the issue of qualified immunity once the defense has been properly raised. *English v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (holding that "[a] district court may not avoid deciding a defense of qualified immunity by mischaracterizing the question before it"). This court has recently held that a district court's failure to rule on a motion for summary judgment until discovery was complete was legal error. *Skousen v. Brighton High School*, 305 F.3d 520, 527 (6th Cir. 2002) (granting the defendants' motion for summary judgment on the basis of qualified immunity after determining that enough discovery had been completed in order to rule on the motion).

Even though the defendants are free to renew their motion later, they would in the meantime be forced to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid. By failing to elaborate on why further discovery was necessary to properly decide the motion, the district court erroneously denied the defendants the benefit of their defense from suit (if that defense is, indeed, meritorious). We therefore conclude that the district court's refusal to address the merits of the defendants' motion based on qualified immunity was a conclusive determination for the purpose of allowing an interlocutory appeal. *Williams v. Mehra*, 186 F.3d 685, 689-690 (6th Cir. 1999) (holding, in an interlocutory appeal challenging a denial of a motion for summary judgment, that "*regardless of the district court's reasons* for denying qualified immunity, we may exercise jurisdiction over the . . . appeal to the extent it raises questions of law") (internal citation and quotation marks omitted; emphasis in original).

## B.  The district court did not err in denying the prison officials' motion to dismiss

In its April 30, 2002 opinion and order, the district court addressed the merits of the defendants' motion to dismiss on the basis of qualified immunity. Qualified immunity serves to shield government employees from liability when performing discretionary functions in the course of their employment. *Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982). Its purpose is also to protect such employees from unjustified lawsuits. *Id*. at 806. For the most part, government employees are protected from civil suits, except to the extent that their actions violate clearly established constitutional rights of which a reasonable person would have known. *Id.* at 818.

In evaluating a motion to dismiss, the court "must accept all well-pleaded factual allegations of the complaint as true and construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The district court in the present case applied a heightened pleading standard that is no longer in effect, but that fact is irrelevant to this appeal because the district court held that Wallin had met the heightened pleading standard. *See Veney*, 70 F.3d at 922; *Goad v. Mitchell*, 297 F.3d 497 (6th Cir. 2002) (holding that the Supreme Court's decision in *Crawford-El v. Britton*, 523 U.S. 574 (1998), invalidated the heightened pleading requirement of *Veney*).

The district court next analyzed whether Wallin had sufficiently pled that a constitutional right had been violated. For the defendants to be held liable for violating the Eighth Amendment with regard to Wallin's medical care, Wallin "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm" and that the prison officials were deliberately indifferent to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference will be found if the officials consciously disregarded a substantial risk of serious harm to Wallin. *Id.* at 839-40. The district court found that Wallin had

sufficiently pled that the prison officials delayed his access to medical treatment, "causing [Wallin] to suffer unnecessarily and resulting in residual injury." His "allegations are sufficiently serious to establish an 8th Amendment violation."

The district court's opinion then reviewed the actions of each prison official as alleged in Wallin's complaint. In a very thorough manner, the district court determined that Wallin had properly pled facts sufficient to establish that each of the officials acted with deliberate indifference to his serious medical needs. A reading of Wallin's complaint, particularly using the normal pleading standard, indicates that the district court properly analyzed the alleged facts according to the correct legal principles. We therefore affirm the decision of the district court regarding the defendants' motion to dismiss.

### C.   The district court erred in denying as premature the prison officials' motion for summary judgment

Rather than addressing the merits of the defendants' motion for summary judgment, the district court relied on its September 26, 2001 decision that an earlier motion for summary judgment was premature and should await the close of discovery. The district court gave the same rationale in its April 30, 2002 opinion and order. Because the district court did not rule on the merits of qualified immunity in its opinion, Wallin argues that this court lacks jurisdiction to review the motion now. The defendants, on the other hand, argue that the district court's denial of their motion as premature operates as a final decision on qualified immunity, because it deprives them of a key element of the doctrine's protection—immunity from suit, not just from liability. Further, the defendants contend that Wallin should have filed a Rule 56(f) affidavit, explaining his need for additional discovery, in order to adequately oppose their motion for summary judgment.

#### 1.   *The denial of the motion as premature operates as a final judgment for the purposes of this interlocutory appeal*

As stated above, one of the purposes of qualified immunity is to protect government officials from unjustified lawsuits. An interlocutory decision appealable as a final order must satisfy two criteria: (1) "[I]t must conclusively determine the disputed question," and (2) that question must involve a claim "of right separable from, and collateral to, rights asserted in the action." *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985) (internal citations omitted). There is no doubt that a decision on qualified immunity involves a claim of right that is separate from, and collateral to, rights asserted in the action. *Id.* The key issue thus becomes whether the district court's refusal to address the merits of the defendants' motion conclusively determined the issue in this case.

Wallin makes an argument that seems plausible at first glance. The issue of whether the defendants are entitled to qualified immunity at the summary judgment stage of the proceedings has clearly not been decided, because the district court did not address the merits of the motion. Wallin argues that because the motion can be renewed at the close of discovery, the defendants still retain the possibility that qualified immunity will shield them from having to stand trial. This interpretation, however, requires a narrow reading of what it means to be protected from suit.

The defendants, on the other hand, argue that a decision under Rule 56 should have been rendered on the basis of the record currently before the district court. As stated in *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998):

When a plaintiff files a complaint against a public official alleging a claim that requires proof of wrongful motive, the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense. It must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings.