Lawrence PARKER, Plaintiff–
Appellant,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS;  Renee Raney
Defendants–Appellees.

No. 02–2025.

United States Court of Appeals,
Sixth Circuit.

March 12, 2003.

Before: NELSON, COLE, and
GILMAN, Circuit Judges.

## ORDER

Lawrence Parker appeals pro se from a district court judgment that dismissed his civil rights action filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Parker sued a probation officer ("Raney") and the Michigan Department of Corrections ("MDOC") alleging that he had been denied blood pressure and back pain medication for several days, while he was in segregation pending the resolution of a prison misconduct charge. A magistrate judge recommended that the case be dismissed for failure to state a cognizable claim. The district court adopted this recommendation over Parker's objections, and dismissed the case on August 8, 2002. It is from this judgment that he now appeals.

We review a district court's decision to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) *de novo* accepting the well-pleaded allegations as true. *Wallin v. Norman*, 317 F.3d 558, 561 (6th Cir.2003).

Parker has not raised a clear challenge to the district court's rationale for dismissing his claim against the MDOC. We note, nonetheless, that the court properly found that the MDOC is not a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of Corr.,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

Parker's Eighth Amendment claim against Raney includes an objective and a subjective component. *See Farmer v. Brennan,* 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The objective component requires a showing that Parker was exposed to a substantial risk of serious harm. *See id.* The subjective component requires a showing that the defendant acted with deliberate indifference or recklessness, that is more than mere negligence. *See id.* at 834–37, 114 S.Ct. 1970. The district court properly rejected this claim because Parker's allegations do not indicate that Raney was responsible for the delay in returning his medicine to him. At most, he alleged that Raney knew about his medication when she caused him to be placed in detention. His conclusory allegations are not sufficient to show that she was deliberately indifferent to his serious medical needs. *See Durham v. Nu'Man,* 97 F.3d 862, 868–69 (6th Cir.1996); *Sanderfer v. Nichols,* 62 F.3d 151, 154–55 (6th Cir.1995).

Parker also alleges that he should not have been charged with a disciplinary violation. This claim was not clearly raised in his complaint, and we need not consider it for the first time on appeal. *See Barker v. Shalala,* 40 F.3d 789, 793–94 (6th Cir. 1994).

We have considered Parker's other arguments, and they are all equally unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.