NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0092n.06

No. 09-3735

**FILED**

**Feb 10, 2011**

LEONARD GREEN, Clerk

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| CURTIS SMITH, et al., | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiffs-Appellees, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| SIMON LEIS, Sheriff, et al., | ) | |
| | ) | O P I N I O N |
| Defendants-Appellants. | ) | |

BEFORE:     BOGGS and McKEAGUE, Circuit Judges; and QUIST, Senior District Judge.[*]

**McKeague, Circuit Judge.**  In this procedurally unique interlocutory appeal, we are asked

to resolve a number of complex issues regarding our appellate jurisdiction, as well as address various

claims of immunity.  Plaintiff Curtis Smith, a resident of Hamilton County, Ohio, filed a class action

against numerous defendants, challenging the constitutionality of the electronic pretrial monitoring

program instituted by the Hamilton County Municipal Court.  Smith alleged that the policy enacted

to enforce the electronic monitoring resulted in the issuance of illegal and unconstitutional warrants

for the arrest of individuals who allegedly violated the terms of their pretrial bonds.  The complaint

named the Hamilton County Municipal Court ("Municipal Court"), the Hamilton County Sheriff's

Office ("Sheriff's Office"), Hamilton County Sheriff Simon Leis, Deputy Eric Copenhaver, and two

---

[*]The Honorable Gordon J. Quist, United States Senior District Judge for the Western District
of Michigan, sitting by designation.

John Doe deputies (collectively "Defendants"). Defendants filed a motion for summary judgment alleging, in part, that each defendant was immune from liability. Without first ruling on the motion for summary judgment, the district court granted Smith's previously-filed motion to amend his complaint, and Defendants filed a motion to stay all proceedings pending the district court's ruling on the motion for summary judgment. The court denied the motion to stay and ordered additional discovery on the issue of the adequacy of two proposed class representatives. Defendants then filed this interlocutory appeal, arguing that the district court erred in denying the motion to stay, that Defendants were immune as a matter of law, and that the case should be dismissed pursuant to the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971). Under this court's existing precedents, appellate jurisdiction exists over Defendants' interlocutory appeal as it extends to the immunity claims, and we find that Defendant Copenhaver is entitled to qualified immunity as a matter of law. Defendants also raise a number of claims that are not properly before this court on appeal, and therefore those claims should be considered by the district court on remand.

## I. BACKGROUND

### A. Factual History

Smith was charged on December 31, 2007, with violating the terms of a civil protection order. After being arrested in January 2008, Smith was released on his own recognizance by a judge of the Hamilton County Municipal Court, on the condition that he submit to electronic monitoring. Without notifying Smith's counsel, the Hamilton County Sheriff's Office "presented Smith with an additional list of conditions of electronic monitoring," which included testing for unlawful drug use. Two months later, Deputy Eric Copenhaver appeared ex parte before the Hamilton County

Municipal Court judge assigned to Smith's case and alleged in an affidavit that Smith had tested positive for marijuana twice. The court, pursuant to Hamilton County Municipal Court Administrative Rule 12, notarized the affidavit, revoked Smith's bond, and signed a warrant authorizing Smith's arrest.

Smith was arrested approximately one week later for violating a condition of his pretrial bond and was held overnight in jail. A bond revocation hearing was held the next day, though neither the court nor anyone at the Sheriff's Office notified Smith's counsel about that proceeding, or of the prior ex parte proceeding between the judge and Deputy Copenhaver. At the hearing, during which no one from the Sheriff's Office appeared to testify regarding the allegations of Smith's positive drug tests, the court revoked Smith's recognizance bond and issued a new bond in the amount of $5,000. Smith was unable to pay the new bond and remained incarcerated from the date of the hearing until the conclusion of his trial eight days later. Although Smith attempted to file a state petition for a writ of habeas corpus immediately after being incarcerated, the oral argument on his petition was scheduled for three days after he was released and the court determined that the case was moot and dismissed it.

## B. Procedural History

On April 3, 2008, Smith filed a complaint on behalf of himself and "all criminal defendants in Hamilton County who are currently or will in the future be placed on electronic monitoring as a condition of pretrial release" against Hamilton County Sheriff Simon Leis in his official capacity; Deputy Eric Copenhaver in his individual and official capacity; the Hamilton County Sheriff's Office; the Hamilton County Municipal Court; and two John Does, both deputies with the Hamilton

County Sheriff's Office who were responsible for administering pretrial electronic monitoring. The complaint, filed as a class action pursuant to 42 U.S.C. § 1983, challenged "the policy, practice, and custom of the Hamilton County Sheriff's Office and the Hamilton County Municipal Court of issuing illegal and unconstitutional warrants for the arrest of individuals who allegedly violate the terms of their pretrial bonds." The complaint sought declaratory relief, temporary and permanent injunctive relief, and monetary damages.

Two months after filing the complaint, Smith filed a motion to certify a class consisting of all criminal defendants in Hamilton County who were or would be placed on electronic monitoring as a condition of pretrial release. After obtaining an extension from the court, Defendants filed a response in opposition two months later, alleging that Smith had not presented a prima facie case for class certification. The response also alleged that Smith's claims were moot and that he lacked standing; that Smith failed to name a necessary party; and that Smith's request, if granted, would contravene the abstention doctrine established in *Younger*. During that same time, the court issued a preliminary pretrial order, in which it set a hearing for class certification on January 27, 2009, a discovery completion date of May 1, 2009, and ordered that any dispositive motions be filed by June 1, 2009. The order also set a tentative trial date of August 24, 2009.

After hearing arguments on the motion to certify a class on January 27, the court determined that it would not rule on the merits of the case and instead continued the hearing until May 27, 2009 (later reset for June 16, 2009), in order to allow the parties to conduct additional discovery on the class certification issues raised at the hearing. Two weeks after the hearing, Defendants filed a motion to dismiss, in which they asserted that on the narrow issue presented by Smith regarding the

constitutionality of the bond revocation proceedings in the Municipal Court, Defendants were entitled to have the complaint dismissed.[1]  Although the motion was fully briefed by the parties, it then remained pending on the court's docket without action.

Two months later, Smith moved for leave to file an amended complaint.  The motion sought to substitute two new plaintiffs in lieu of Smith as the named class representatives and to eliminate one of the claims raised in the original complaint.  Defendants then filed a motion requesting that the court dismiss the complaint for failure to prosecute because of Smith's failure to attend a scheduled deposition and impose sanctions.  In the same pleading, Defendants opposed Smith's motion for leave to file the amended complaint, arguing that Smith did not authorize filing the motion and that the putative substitute class representatives were not proper parties in the action or adequate class representatives.

After Smith filed his response to that motion, Defendants filed a third motion to dismiss and motion for summary judgment on June 1, 2009, asserting that: (1) the Hamilton County Municipal Court was not sui juris and therefore could not be sued; (2) even if the court was properly named, the action could not proceed; (3) the court was entitled to immunity pursuant to the Eleventh Amendment; (4) the court and judges were entitled to absolute judicial immunity; (4) Smith's claims contravened the *Younger* abstention doctrine; (5) the Hamilton County Sheriff's Office did not make the policy that Smith alleged was unconstitutional, and it had immunity for all other claims; (6) Sheriff Leis and Deputy Copenhaver were entitled to qualified immunity for claims against them in

---

[1]Although not expressly invoked by Defendants, it appears that the motion to dismiss sought to do so on the basis of failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

their official capacities; (7) Deputy Copenhaver was entitled to qualified and quasi-judicial immunity in his individual capacity; and (8) Deputy Copenhaver was entitled to absolute quasi-judicial immunity in his official capacity as a probation officer. At the time this motion was filed, the court had all prior motions filed by the parties still pending on the docket, as well as an additional motion filed by the Ohio Association of Criminal Defense Lawyers requesting leave to file an amicus brief.

On June 12, the court granted Smith's motion for leave to amend his complaint, denied Defendants' motion to dismiss for failure to prosecute and for sanctions, and denied as moot Defendants' pending motion to dismiss for failure to state a claim; the court did not rule on Defendants' motion for summary judgment raising the immunity claims. That same day, Smith filed the amended complaint as permitted by the court, naming Andre Miles and Dwight Ringer as the new class representatives.[2] Also that day, Defendants filed a motion to stay any further proceedings pending the court's ruling on Defendants' motion for summary judgment. Although Defendants had raised no objections to Smith's previously-filed motion for extension of time to file a response to the motion for summary judgment until July 15, 2009, Defendants argued that due to this delay, the existence of pending motions, and the upcoming hearing on the motion for class certification, Defendants would be required to continue to defend the action and engage in discovery without a decision on their immunity defenses. Defendants argued that questions of immunity should be

---

[2]Because the court granted the motion to amend the complaint, Miles and Ringer became plaintiffs in this action in addition to Smith. However, for the sake of consistency and clarity, we will continue to refer to the plaintiffs-appellees collectively as "Smith."

resolved at the earliest stages of litigation and that the district court could not avoid ruling on these issues.

On June 16, 2009, the court held a hearing on Smith's motion to certify a class and Defendants' motion to stay. By Opinion and Order dated June 18, 2009, the court denied Defendants' motion to stay, explaining that regardless of the court's decision on the motion for summary judgment and the success of any claims of immunity, Smith's claims for declaratory and injunctive relief would remain pending. The court also stated that dismissal prior to certification would be res judicata as to the class representatives but not to the putative class members, thus "[t]he interests of judicial economy" weighed in favor of determining class certification prior to consideration of the motion for summary judgment. Additionally, the court ordered that the decision on class certification would be held in abeyance for forty-five days to allow Defendants the opportunity to conduct thirty days of discovery on whether the newly proposed class representatives would be adequate. Defendants filed a timely interlocutory appeal, challenging the district court's denial of the motion to stay and its failure to rule on the motion for summary judgment.

## II. JURISDICTION

Before we address the merits of Defendants' claim, we must first address Smith's contention that we do not have jurisdiction over this interlocutory appeal. Defendants assert that their appeal is being taken pursuant to 28 U.S.C. § 1291, which authorizes jurisdiction over appeals "from all final decisions of the district courts of the United States," and this court's holding in *Everson v. Leis*, 556 F.3d 484 (6th Cir. 2009). Although Defendants filed an appeal from a denial of a motion to stay, which is not a final order, "[i]nterlocutory appeals can be made under § 1291 in limited

circumstances, namely when the district court's order 'is effectively unreviewable on appeal from a final judgment,' when it 'conclusively determine[s] the disputed question,' and when the question involves a claim 'of right separable from, and collateral to, rights asserted in the action.'" *Id.* at 490 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 527 (1985)). Defendants claim that the denial of the motion to stay is effectively a denial of their motion for summary judgment based on qualified immunity, and thus we have jurisdiction over their interlocutory appeal.

This circuit has determined that "[a] decision on qualified immunity is separable from and collateral to any rights asserted in the [underlying] action." *Id.* Where, as here, the district court failed to address the merits of the immunity claims raised in the motion, "[t]he key issue thus becomes whether the district court's refusal to address the merits of the [Defendants'] motion conclusively determined the issue in this case." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004). In a series of cases, this court has held that a district court cannot refuse to resolve a question of qualified immunity; rather, the court must address the merits of the claims to determine if qualified immunity is appropriate or if there are material facts in dispute. *See, e.g.*, *Skousen v. Brighton High School*, 305 F.3d 520, 522, 527 (6th Cir. 2002). When a district court refuses to address a motion for summary judgment on qualified immunity grounds, instead denying the motion as premature or dismissing it without prejudice to re-file after discovery, this court has held that such refusal "constitutes a conclusive determination for the purposes of allowing an interlocutory appeal." *Summers*, 368 F.3d at 887; *see also Wallin v. Norman*, 317 F.3d 558, 563 (6th Cir. 2003) (holding that "[b]y failing to elaborate on why further discovery was necessary to properly decide the motion, the district court erroneously denied the defendants the benefit of their defense from suit . . . [and]

[w]e therefore conclude that the district court's refusal to address the merits of the defendants' motion based on qualified immunity was a conclusive determination for the purpose of allowing an interlocutory appeal"); *Skousen*, 305 F.3d at 526 (concluding that because the district court denied defendant's motion without prejudice to re-file and otherwise refused to address the immunity claims on the merits, "the denial did not turn on the existence of a genuine issue of material fact," and therefore this court had jurisdiction over the interlocutory appeal).

However, in this case, the district court did not actually deny, dismiss, or issue any ruling on Defendants' motion for summary judgment as in the cases noted above. Instead, Defendants premise appellate jurisdiction over their appeal on the district court's denial of the motion to stay and its corresponding failure to rule on the motion for summary judgment. Two cases are particularly instructive in determining whether Defendants' appeal permits this court to exercise appellate jurisdiction over their claims. In *Kimble v. Hoso*, 439 F.3d 331 (6th Cir. 2006), relied on by Smith to argue that this court does not have jurisdiction over Defendants' appeal, this court addressed "whether the district court's delay in ruling on the defendant's motion for summary judgment qualifie[d] as a conclusive determination of the issue of qualified immunity or some other collateral order in this case." *Id.* at 334. There, defendants filed a motion for summary judgment raising claims of qualified immunity, and plaintiff's counsel failed to file a brief in opposition. *Id.* at 333. The district court held a show cause hearing, ordered counsel to retain co-counsel, and set a new deadline for filing the response. *Id.* Newly retained co-counsel also missed the deadline and filed a motion for extension of time, in which he asserted that he had not yet had the opportunity to meet

with original counsel to review the case. *Id.* The district court granted the motion, stating that no further extensions would be granted, and defendants filed an appeal. *Id.*

On appeal, this court held that the district court's delay in ruling on the motion for summary judgment was distinguishable from the circumstances in *Skousen*, and thus did not amount to a conclusive determination on the qualified immunity issue that would permit the court to have jurisdiction over the appeal. *Id.* at 334–35. First, the court noted that in *Skousen* there was an order denying the motion for summary judgment, while in *Kimble* the district court had not ruled on the motion but instead had delayed its ruling pending the filing of a response by plaintiff. *Id.* at 335. Second, "the district court did not delay ruling on the defendants's motion for the legally erroneous reason of permitting further discovery." *Id.* Instead, the district court stayed further discovery until the issue of qualified immunity could be addressed, thus not requiring "the defendants to face any additional stages of litigation" and not undercutting "the essential purpose of qualified immunity." *Id.* As a result, this court concluded "that there was no appealable order . . . to which the collateral order doctrine could apply" and dismissed the appeal for lack of jurisdiction. *Id.* at 336.

Defendants, however, rely on *Everson v. Leis*, 556 F.3d 484, to assert that this court does have jurisdiction over this appeal. In *Everson*, the district court failed to rule on defendant's motion for summary judgment based on qualified immunity, and instead held the motion in abeyance, re-opened discovery for ninety days pursuant to a request by the plaintiff in his first response to the motion, and ordered that a second response to the motion be filed by plaintiff at the close of discovery. *Id.* at 490. On appeal, this court explained that the issue required the court to determine

whether *Everson* was more like *Kimble* or the *Skousen* line of cases. *Id.* at 491. Although this court noted that the district court did not actually deny or dismiss defendants' motion for summary judgment, "the district court did permit additional discovery without first resolving the question of qualified immunity." *Id.* The court explained that by failing to resolve the qualified immunity question, defendants "would 'be forced to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid.'" *Id.* (quoting *Wallin,* 317 F.3d at 563). Further, this court stated that "[a]rguably, the district court's actions here [were]even more egregious, as it did not simply let discovery continue through to the original cutoff date, but rather ordered an additional ninety days of discovery, to begin more than a year past the original discovery-cutoff date." *Id.* at 491–92. And, "[i]f a district court can thwart interlocutory appeal by refusing to address qualified immunity through abeyance rather than dismissal, then the district court can effectively ignore this court's directive that district courts address qualified immunity promptly." *Id.* at 492. Accordingly, finding that the district court's order would be effectively unreviewable on final appeal and that the order "conclusively determined [d]efendants' claim of right to avoid further discovery," this court held that "a district court's decision to hold in abeyance a motion seeking qualified immunity is immediately appealable *unless* that decision is related to the proper disposition of the motion." *Id.*

In the instant appeal, Defendants filed their motion for summary judgment on June 1, 2009. Slightly more than a week after the court granted Smith's unopposed motion for an extension of time to file a response to the motion for summary judgment, the court granted Smith's motion for leave to file the amended complaint, and Defendants immediately filed the motion to stay. At a joint

hearing on Smith's motion for class certification and Defendants' motion for summary judgment, the court denied Defendants' motion to stay, held Smith's motion in abeyance for forty-five days, and ordered an additional thirty days of discovery on the issue of the adequacy of the newly proposed class representatives. On the basis of these facts, this case is more like *Everson* than *Kimble*, and accordingly, we find that we may properly exercise jurisdiction over Defendants' interlocutory appeal. Although in their brief Defendants attempt to premise their appeal on the district court's denial of the motion to stay, this court is not bound by Defendants' characterization of the procedural posture of this case. Thus, rather than premise appellate jurisdiction on the district court's denial of the motion to stay, we may exercise appellate jurisdiction as a result of the district court's failure to rule on the motion for summary judgment raising the immunity claims.[3] Such a failure by the district court is in error for the same reasons that the district court's court decision in *Everson* to hold the motion for summary judgment in abeyance was error.

Here, like in *Everson*, *Skousen*, *Wallin*, and *Summers*, "the district court permitted discovery to continue before first resolving the qualified-immunity question," which forced Defendants "to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid." *Everson*, 556 F.3d at 491 (internal quotation marks omitted). As in *Everson*, the district court's actions here were "even more egregious, as it did not simply let discovery continue through to the original cutoff date, but rather ordered an additional [thirty] days of discovery " on the class

---

[3]In fact, at oral argument, counsel for Defendants argued that this court had jurisdiction pursuant to the district court's failure to rule on the motion for summary judgment, and not on the denial of the motion to stay, as argued in their brief.

certification motion after the original cutoff date had passed. *Id.* at 491–92. Although a district court may hold a motion for summary judgment raising claims of immunity in abeyance, it may do so only after inquiring "whether any facts material to the plaintiff's claims are genuinely at issue" and then making a finding that those material facts are in dispute. *Id.* at 492. No such inquiry was undertaken nor was such a finding made by the district court in this case. In light of the Supreme Court's reiteration that immunity questions should be resolved "at the earliest possible stage in litigation," *Pearson v. Callahan*, 129 S. Ct. 808, 815 (2009), and this court's repeated directive that a district court may not avoid ruling on a motion for summary judgment raising immunity claims, *see, e.g.*, *Skousen*, 305 F.3d at 527, the district court's failure to rule on the motion for summary judgment is immediately appealable.

Additionally, although this court qualified its holding in *Everson* by stating that the decision to hold the motion in abeyance was immediately appealable "*unless* that decision is related to the proper disposition of the motion," that exception does not apply here. 556 F.3d at 492. The district court ordered discovery solely on the issue of the adequacy of the proposed class representatives and not, for example, on a conclusion that there existed a well-supported need for discovery to resolve the immunity issues raised in the motion for summary judgment resulting from a specific factual dispute. The court also denied the motion to stay in part on the basis of judicial economy, explaining that a decision on the motion for summary judgment would be res judicata as to the class representatives and not the putative class members. However, this does not otherwise trump the requirement that the district court decide the issue of immunity promptly so that Defendants are not

subjected to further litigation that they sought to avoid by filing the motion.[4] *See Pearson*, 129 S. Ct. at 815 ("Indeed, we have made clear that the 'driving force' behind creation of the qualified immunity doctrine was a desire to ensure that 'insubstantial claims' against government officials [will] be resolved prior to discovery.") (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 n.2 (1987)). Similarly, although the district court noted that Fed. R. Civ. P. 23 requires that a court determine whether to certify a class action "[a]t an early practicable time after a person sues or is sued as a class representative," this also does not mean that the court is obligated to decide a motion for class certification prior to a motion for summary judgment on immunity grounds.[5] Fed. R. Civ.

---

[4]Smith argues in his brief that "[t]he sole basis of the district court's decision to delay ruling upon the County's summary judgment motion was **the County's request** for additional discovery to oppose class certification." However, Smith's characterization is contradicted by the transcript of the motions hearing at which the court ordered the additional discovery. The transcript shows that after the court denied Defendants' motion to stay, it addressed Smith's motion for class certification in light of the two new plaintiffs added to the complaint when the court granted Smith's motion to amend the complaint. When asked whether the two new plaintiffs would be adequate class representatives instead of Smith, Defendants responded that they had used the original discovery period to inquire about the adequacy of Smith, pursuant to the district court's instructions at the January 27 hearing. Since they had not had the opportunity to do the same for the two new plaintiffs, who had just been added to the amended complaint, Defendants asserted that there was "no evidence before the court that these two putative class members [were] adequate class representatives." Accordingly, Defendants reminded the court that they had "an ability and a right to conduct discovery to determine whether they are adequate class representatives." They did not, as Smith seems to indicate, ask for an additional period of discovery in lieu of a ruling on their motion for summary judgment.

[5]Smith argues that this court's precedent requires that a motion for class certification be decided prior to a motion for summary judgment, citing *Grant v. Bureau of Field Servs.*, 818 F.2d 31 (6th Cir. 1987) (per curiam) (table). However, Grant did not involve claims of qualified immunity, which this court has specifically required district courts to resolve at the earliest stage of litigation. Moreover, Grant was decided prior to the amendment to Rule 23 of the Federal Rules of Civil Procedure. Prior to the 2003 amendments, Rule 23(c)(1) required that courts decide motions for class certification "as soon as practicable after commencement of an action." The rule in its

P. 23(c)(1)(A). Again, permitting further litigation prior to ruling on the immunity claims directly contradicts this court's mandate that district courts may not avoid ruling on properly raised claims of immunity. *See Everson*, 556 F.3d at 492. Accordingly, we conclude that the *Skousen* line of cases and this court's decision in *Everson* are controlling, and that the district court's failure to rule on Defendants' motion for summary judgment raising claims of immunity is immediately appealable.[6]

### III. ANALYSIS

Having determined that the exercise of jurisdiction over Defendants' appeal is appropriate, and having also determined that the district court erred in failing to rule on Defendants' motion for summary judgment, we may remand the case to the district court so that it may rule on all of the substantive claims, or we may resolve the claims over which we have appellate jurisdiction and remand the remaining claims over which there is no jurisdiction to the district court. *See Wallin*, 317 F.3d at 564 (remanding for further proceedings); *Everson*, 556 F.3d at 493–501 (resolving claims of qualified immunity and remanding claims over which there was no appellate jurisdiction). Because "the district court's refusal to address the merits of [Defendants'] motion asserting qualified

present form, and as applicable to Smith's motion, requires only that the court decide the motion "at an early practicable time."

[6]Although *Everson* and the *Skousen* line of cases deal only with claims of qualified immunity, the holdings are equally applicable to claims of sovereign immunity, which were also raised by Defendants. Sovereign immunity "protects 'a State's dignitary interests,'" and a denial of a claim of sovereign immunity is immediately appealable in an interlocutory appeal. *Kelly v. Great Seneca Fin. Corp.*, 447 F.3d 944, 948 (6th Cir. 2006) (quoting *Will v. Hallock*, 546 U.S. 345, 352 (2006)). Claims of absolute immunity are also immediately appealable. *See Barnes v. Wright*, 449 F.3d 709, 714 (6th Cir. 2006) (citing *Will*, 546 U.S. at 350). Accordingly, to the extent the district court failed to rule on Defendants' claims of sovereign and quasi-judicial immunity, they too are immediately appealable along with Defendants' claims of qualified immunity.

immunity constitutes a conclusive determination for the purposes of allowing an interlocutory appeal," and the record permits this court to resolve some of Defendants' immunity claims, this court will reach the merits of those claims rather than remand them to the district court. *Summers*, 368 F.3d at 887. However, not all claims raised by Defendants are properly before this court on appeal, and those claims over which this court does not have jurisdiction must be remanded to the district court.

## A. Immunity

Smith filed a complaint pursuant to 42 U.S.C. § 1983, which requires that he "establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010). However, Defendants raised various claims of immunity for each of the named defendants in their motion for summary judgment. Claims of entitlement to immunity are questions of law, therefore they are reviewed de novo. *See Barnes*, 449 F.3d at 714.

### 1. Sheriff Leis, Deputy Copenhaver, and John Doe Deputies

In his amended complaint, Smith names as defendants Sheriff Leis in his official capacity, Deputy Copenhaver in his individual and official capacity, and two John Doe deputies employed by the Hamilton County Sheriff's Office in their individual and official capacities. Although Defendants assert on appeal that the John Doe deputies are entitled to immunity on various grounds, these claims were not raised in Defendants' motion for summary judgment filed in the district court. Defendants asserted immunity only on behalf of Leis, Copenhaver, the Sheriff's Office, and the

*Curtis Smith, et al. v. Simon Leis, et al.*
Case No. 09-3735

Municipal Court. Accordingly, any claims regarding the John Doe deputies are not properly before this court on interlocutory appeal. *See Noble v. Chrysler Motors Corp., Jeep Div.*, 32 F.3d 997, 1002 (6th Cir. 1994) (explaining that when an argument is not presented to the district court, it "will not be considered for the first time by this court on appeal").

Defendants allege that Leis and Copenhaver are entitled to qualified immunity in their official capacity. However, "[q]ualified immunity may be asserted by government officials sued in their individual capacity." *Guest v. Leis*, 255 F.3d 325, 337 (6th Cir. 2001) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982)). As this court clearly summarized in *Everson*:

> "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving,* 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985)). "[O]fficial-capacity suits . . . represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690 n.55, 98 S. Ct. 2018, 56 L.Ed.2d 611 (1978); *see also Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994) ("A suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."). As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit "imposes liability on the entity that he represents." *Brandon v. Holt,* 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L.Ed.2d 878 (1985). A government entity cannot claim any personal immunities, such as quasi-judicial or qualified immunity. *Alkire,* 330 F.3d at 810-11 (citing *Graham,* 473 U.S. at 167, 105 S. Ct. 3099). "The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Id.* at 811 (quoting *Graham,* 473 U.S. at 167, 105 S. Ct. 3099).

556 F.3d at 493 n.3. Accordingly, these defendants are not entitled to qualified immunity in their official capacity, because the suit is considered a suit against either the Sheriff's Office or the county.

- 17 -

Defendants also allege that Deputy Copenhaver is entitled to both qualified immunity and absolute quasi-judicial immunity in his individual capacity. It is well-established that "[t]he doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson*, 129 S. Ct. at 815 (quoting *Harlow,* 457 U.S. at 818). The protection afforded to government officials entitled to qualified immunity "applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (internal quotation marks omitted).

To determine whether a government official is entitled to qualified immunity, this court undertakes a two-step inquiry to determine if (1) the defendant violated a constitutional right, and (2) if that right was clearly established. *See Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010). However, we are no longer required to undertake this inquiry in the sequential order established in *Saucier v. Katz*, 533 U.S. 194 (2001), and instead this court may "exercise [its] sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson*, 129 S. Ct. at 818.

Although Smith spends a significant portion of his brief arguing that his Sixth and Fourteenth amendment rights were violated, we need not decide that issue. As Defendants correctly argue, it is evident that it was not clearly established that following the Hamilton County Municipal Court Administrative Rules violated any constitutional right. When a defendant raises a claim of qualified immunity as a defense, the plaintiff bears the burden of showing that a right is clearly established,

while the defendant must demonstrate that "the challenged act was objectively reasonable in light of the law existing at the time." *Everson*, 556 F.3d at 494. Thus, when reviewing a claim of immunity on appeal, this court "must determine whether the 'contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violate[d] that right.'" *Elkins v. Summit Cnty., Ohio*, 615 F.3d 671, 676 (6th Cir. 2010) (quoting *Moldowan v. City of Warren*, 578 F.3d 351, 382 (6th Cir. 2009)).

Smith alleged in his amended complaint that Deputy Copenhaver "appeared ex parte and outside the presence of either Smith or his counsel before the Hamilton County Municipal Court judge assigned to Smith's case," and informed the Municipal Court that Smith had twice tested positive for marijuana since being placed on electronic monitoring. After that, the municipal court judge, who was not named in the complaint, notarized Copenhaver's affidavit, revoked Smith's bond, and signed a warrant authorizing Smith's arrest for bond revocation. As Defendants correctly note in their brief, when Deputy Copenhaver went before the Hamilton County judge, he was following the provisions detailed in Rule 12 of the Hamilton County Municipal Court Administrative Rules, which require that the pretrial monitoring officer prepare an affidavit stating the details of a pretrial monitoring violation when such a violation occurs. Thus, Copenhaver's actions were authorized and, in fact, mandated by Rule 12. It would be unreasonable to claim that in following a court rule that was not unconstitutional on its face, Copenhaver would have understood that preparing an affidavit and bringing it to the court, as he was required to do by Rule 12, would violate Smith's constitutional rights. To claim that Copenhaver's actions were anything but objectively

reasonable at the time he prepared and brought his affidavit before the court, in light of the existing court rule that governed his actions as Smith's pretrial monitoring officer, would defy logic. Thus, regardless of whether there were ultimately any violations of Smith's constitutional rights, it cannot be said that those rights were so clearly established at the time Copenhaver performed his duties as required by Rule 12, such that any reasonable officer in Copenhaver's position would have known he was violating Smith's rights. Accordingly, we find that Copenhaver is entitled to qualified immunity as a matter of law.

In addition, Defendants argue that Copenhaver is entitled to absolute quasi-judicial immunity in his individual capacity because he was serving as an assistant probation officer and enforcing an order of the court. Smith, however, contends that Defendants rely on "facts in dispute regarding the role of sheriff's deputies in administering the pretrial EMU program," which prevents this court from exercising jurisdiction over this claim of immunity. Smith asserts that Copenhaver was an employee of the Sheriff's Office and not the Municipal Court, and therefore he acted as a law enforcement officer, not as a judicial employee, and is not entitled to absolute quasi-judicial immunity.

"It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco,* 502 U.S. 9 (1991)). Moreover, this absolute immunity "has been extended to non-judicial officers who perform 'quasi-judicial' duties." *Id.* As this court has explained, "[q]uasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the

judicial process that these persons are considered an arm of the judicial officer who is immune." *Id.* As with absolute judicial immunity, whether an individual is entitled to absolute quasi-judicial immunity is determined by the function of the actor, rather than the constitutionality and reasonableness of his actions. *See Dixon v. Clem*, 492 F.3d 665, 674 (6th Cir. 2007) ("Whether an action is judicial depends on the nature and function of the act, not the act itself.") (quoting *DePiero v. City of Macedonia*, 180 F.3d 770, 784 (6th Cir. 1999)). Accordingly, "a court 'looks to the nature of the function performed, not the identity of the actor who performed it.'" *Bush*, 38 F.3d at 847 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)).

However, because we have already held that Copenhaver is immune from civil damages on the basis of qualified immunity, it is not necessary to resolve Defendants' claim of entitlement to absolute quasi-judicial immunity, which would provide the same protection from liability for monetary damages. It is true that when a claim is brought pursuant to § 1983, the express language of the statute partially limits available remedies by stating that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In other words, while a court could award both declaratory and injunctive relief in an action against a defendant protected by qualified immunity, it could only award injunctive relief in an action against a defendant protected by judicial or quasi-judicial immunity when a declaratory decree was violated (which is not an issue here) or when declaratory relief is not available.

Here, Smith seeks to have the electronic monitoring policy declared unconstitutional and

"enjoin all Defendants from enforcing" the policy. However, if the district court declared Rule 12 unconstitutional, and therefore unenforceable, there would be no need for injunctive relief against Copenhaver, who does no more than enforce the rule at the direction of the judges of the Municipal Court.[7] Furthermore, should any defendant, including Copenhaver, attempt to enforce the rule following a declaration that it was unconstitutional, Smith would be entitled to seek injunctive relief. Thus, because injunctive relief against Copenhaver would be unnecessary and he is already immune from monetary damages as a matter of law, we need not reach the issue of whether Copenhaver is entitled to absolute quasi-judicial immunity, as it provides him no greater protection than that already afforded by qualified immunity.

### 2. Hamilton County Sheriff's Office

Smith also listed the Hamilton County Sheriff's Office as a defendant, as well as Sheriff Leis, Deputy Copenhaver, and the John Doe deputies in their official capacities, which "is the equivalent of a suit against the governmental entity." *Matthews*, 35 F.3d at 1049. In their motion for summary judgment, Defendants asserted in a footnote that the Sheriff's Office was not a legal entity that could be sued, and therefore should be dismissed because it was not a proper defendant in the action. Defendants do not raise this argument on appeal, and state only that, "[a]ssuming arguendo the Hamilton County Sheriff's office is *sui juris*, the case of *Monell v. Department of Social Services*

---

[7]Moreover, even if Copenhaver were personally enjoined from executing his duties pursuant to Rule 12, the judges of the Municipal Court could simply order another deputy to undertake those duties. Thus, enjoining Copenhaver would not provide meaningful relief. In other words, to the extent that Smith seeks to have the court stop enforcement of the policy in its entirety, an injunction against Copenhaver would be ineffectual and unnecessary.

*of City of New York*, 436 U.S. 658, 98 S. Ct. 2018 and the facts of this case support Appellants/Defendants' plea for summary judgment on behalf of the Sheriff's Office." Because Defendants fail to raise this issue on appeal, this court need not address it. *See Miller v. Admin. Office of Courts*, 448 F.3d 887, 893 (6th Cir. 2006) (explaining that "issues are waived when not raised in the appellant's opening brief") (internal quotation marks omitted).

Rather, it appears that Defendants conflate immunity and liability when they assert that the Sheriff's Office "is immune from liability and summary judgment should be granted on its behalf." According to Defendants, because Smith conceded in his motion for leave to file his amended complaint that the Sheriff's Office did not create or impose the conditions of electronic monitoring as initially alleged, the Sheriff's Office is "immune from 42 U.S.C. § 1983 liability." In response, Smith asserts that this court lacks jurisdiction to address Defendant's argument that the Sheriff's Office does not make the challenged policy, asserting that it is a question of fact that this court may not review. Although Smith mis-states the governing rule, he is correct that this court lacks jurisdiction to review Defendants' claim.

In both their brief on appeal and their motion for summary judgment filed in the district court, Defendants invoke the term "immunity," yet they do not present any argument that raises a proper immunity defense. As noted above, "[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment." *Graham*, 473 U.S. at 167. Yet, Defendants do not mention the Eleventh Amendment when discussing the alleged "immunity" of the Sheriff's Office or the individual

defendants named in their official capacity, nor do they address any of the relevant factors for determining whether an entity is an arm of the state and therefore entitled to sovereign immunity. *See Alkire v. Irving*, 330 F.3d 802, 812–13 (6th Cir. 2003) (presenting an extensive but not exhaustive list of factors "to guide the district court's analysis of whether" the municipal court was entitled to sovereign immunity).

Instead, Defendants assert here, as they did below, that the Sheriff's Office is "immune" because it did not make or impose the policy challenged by Smith. Defendants' argument is not actually one of immunity from suit, but rather a question of whether Smith's claim against the Sheriff's Office lacked a factual basis such that Smith failed to state a claim under Fed. R. Civ. P. 12(b)(6). This argument, however, is not reviewable under the collateral order doctrine or this court's pendent appellate jurisdiction. *See Lowe v. Hamilton Cnty. Dep't of Job and Family Servs.*, 610 F.3d 321, 323–24 (6th. Cir. 2010) (noting that only a "small category" of decisions fall within the collateral order doctrine, and those decisions must be conclusive, resolve "important questions separate from the merits," and be effectively unreviewable on appeal from the final judgment); *id.* at 324 (declining to exercise pendent appellate jurisdiction because the issues raised were "not 'inextricably intertwined' with the district court's denial of sovereign immunity" and review of the issues was "not 'necessary to ensure meaningful review' of the denial of sovereign immunity"). Accordingly, this court is without jurisdiction to address Defendants' claim, and this too should be

addressed by the district court on remand.[8]

### 3. Hamilton County Municipal Court

Finally, Smith sued the Hamilton County Municipal Court, although he did not name any judge of the court or the judge who issued his arrest warrant or revoked his bond. In their brief, Defendants raise multiple arguments regarding the liability of the Municipal Court. First, Defendants argue that the Municipal Court "is not *sui juris*; therefore, it cannot be a party to this action." Defendants also argue that even if the Municipal Court was properly named as a defendant, the action could not proceed because Smith failed to demonstrate either legally or factually that a constitutional violation occurred. In addition, Defendants allege that the Municipal Court is entitled to absolute judicial immunity and sovereign immunity under the Eleventh Amendment.[9]

---

[8]We pause to note that it appears once Smith conceded in his motion for leave to file an amended complaint "that the Sheriff's Office [does] not create or impose the conditions of electronic monitoring as Smith initially alleged," even if the Sheriff's Office was not immune, it could not be held liable. For a local government entity to be liable under § 1983, the entity itself must be engaged in its "own wrongdoing." *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006). In other words, under *Monell*, "[a]local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights." *Id.* (citing *Monell*, 436 U.S. at 692–94); *see also Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 449 (2010) (holding that "the 'policy or custom' requirement also applies when plaintiffs seek prospective relief, such as an injunction or a declaratory judgment," and not just monetary damages). Smith conceded that the Sheriff's Office did not create the policy, but instead only followed court orders imposing electronic monitoring and requiring the Sheriff's Office to monitor these pretrial detainees, pursuant to Rule 12.

[9]Defendants also state in their reply brief that the Municipal Court would be entitled to legislative immunity for enacting the challenged rule. However, Defendants never raised this argument below, and it is not properly before this court on appeal.

When a claim of sovereign immunity is asserted, the inquiry turns on whether the entity "is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *see also Lowe*, 610 F.3d at 324–25 ("One of the more prominent exceptions to the doctrine [of sovereign immunity] is that state instrumentalities that properly are characterized as political subdivisions, rather than arms of the state, are not entitled to sovereign immunity."). Here, Defendants assert that because the municipal courts are part of the state's judicial branch in Ohio, they are entitled to Eleventh Amendment immunity. Smith countered in his brief that, to the extent he seeks prospective injunctive relief against the Municipal Court, "Eleventh Amendment immunity does not apply," pursuant to the exception in *Ex Parte Young*, 209 U.S. 123 (1908). Nonetheless, at oral argument, Smith's counsel conceded that the court was not only protected by sovereign immunity from damages, but also that there was no theory under which Smith was entitled to injunctive relief from the Municipal Court as an entity, and agreed that the Municipal Court may be dismissed. Accordingly, the Municipal Court is no longer a party to this action pursuant to counsel's concessions at oral argument, and we need not address any of Defendants' claims regarding the Municipal Court.[10]

---

[10]Although we need not address the merits of Defendants' claims, we note briefly our recent decision in *Pucci v. Nineteenth Dist. Ct.*, – F.3d –, 2010 WL 5110209 (6th Cir. Dec. 16, 2010), in which we highlighted "the importance of dignity in the origins of our sovereign immunity doctrine" and the emphasis on this factor in an analysis of sovereign immunity involving courts. *Id.* at *9. This court noted that "if the agency in question carries out a long-recognized state function, it is a particular affront to a state to subject this agency to suit." *Id.* These considerations "are particularly

## B. *Younger* Abstention

Finally, Defendants assert that Smith's claims should be dismissed pursuant to *Younger* abstention. However, this court has expressly foreclosed resolving claims of *Younger* abstention in an interlocutory appeal raising claims of immunity. In *Summers*, this court explained that *Younger* claims do not fit within the collateral order doctrine. 368 F.3d at 889. The court also explained that determinations of whether a court must abstain under *Younger* and whether to grant immunity "require the application of separate and distinct legal standards." *Id.* at 889–90. Whether a defendant is entitled to immunity "does not 'necessarily and unavoidably' resolve the *Younger* abstention issue." *Id.* at 890; *see also id.* (explaining that "resolution of the *Younger* abstention issue is not critical because, even if the district court is required to abstain under *Younger* and dismiss the suit, such a result has no effect on whether Leis is entitled qualified immunity"). Therefore *Younger* claims also do not fall within this court's pendent appellate jurisdiction when it is otherwise addressing claims of immunity. Accordingly, we do not have jurisdiction over Defendants' claims of *Younger* abstention, and these should also be addressed on remand.

## IV. CONCLUSION

For the reasons set forth above, we find that the district court erred in failing to rule on Defendants' motion for summary judgment and ordering additional discovery on the issue of class certification. The district court's failure to rule on the motion amounted to a final judgment for the

---

relevant in a suit against a state court, which is the 'adjudicative voice' of the State itself." *Id.* (quoting *Barachkov v. 41B Dist. Ct.*, 311 F. App'x 863, 868 (6th Cir. 2009)).

purpose of exercising jurisdiction over this interlocutory appeal. On the merits, we hold that Deputy Copenhaver is entitled to qualified immunity on Smith's claims against Copenhaver in his individual capacity. All claims regarding the immunity of the John Doe deputies are not properly before this court on appeal because they were not raised in the motion for summary judgment below. Additionally, all claims against Sheriff Leis and Deputy Copenhaver in their official capacity are essentially claims against the Sheriff's Office, thus they are not entitled to any personal immunities. However, Defendants also did not raise a proper claim of sovereign immunity on behalf of the Sheriff's Office, and instead challenge only whether Smith's claim against the Sheriff's Office lacked a factual basis such that Smith failed to state a claim under Fed. R. Civ. P. 12(b)(6). As we are without jurisdiction to review this claim on interlocutory appeal, this should be addressed by the district court on remand. Smith also has conceded that the Municipal Court may be dismissed as a party, as he cannot seek monetary damages or injunctive relief against the court. Thus, we need not address any of Defendants' claims regarding the Municipal Court on appeal, nor will these claims need to be addressed on remand, and the Municipal Court will be dismissed as a party to this action. Finally, we are without jurisdiction to address Defendants' claims regarding *Younger* abstention on interlocutory appeal, and therefore those claims also should be addressed by the district court on remand. Accordingly, we REVERSE the district court's decision not to rule on the motion for summary judgment and REMAND to the district court for further proceedings consistent with this opinion.