NOT RECOMMENDED FOR PUBLICATION
File Name: 13a0836n.06

No. 12-1248

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 19, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RICKY TAYLOR, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| CRAIG LANTAGNE, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  BOGGS and SILER, Circuit Judges; DOWD, District Judge.[*]

**SILER**, Circuit Judge.  Defendant Craig Lantagne appeals the district court's order denying his motion for summary judgment.  He argues that he is entitled to summary judgment on the basis of qualified immunity.  For the reasons that follow, we **VACATE** the district court's order and **REMAND** the case to the district court to allow plaintiff Ricky Taylor to respond to Lantagne's motion for summary judgment.

**I.**

At all times relevant to the facts of this case, Taylor was incarcerated at the Ionia Maximum Correctional Facility ("IMCF") in Michigan, where Lantagne served as a Corrections Officer.  In August 2007, Lantagne issued Taylor a misconduct citation for being out of place and disobeying

---

[*] The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

a direct order. After a hearing, Taylor was found guilty of the charges and was placed on a punitive Loss of Privilege ("LOP") status.

Between the time when Taylor was cited and placed on LOP status, he filed a grievance against Lantagne. The grievance stemmed from an incident where Taylor observed Lantagne smoking within 20 feet of an occupied building, in violation of Michigan law and Michigan Department of Corrections ("MDOC") policy. Lantagne received a formal review for the grievance.

The next day, Lantagne was assigned to supervise various areas of the IMCF. It is disputed whether his duties required him to supervise Taylor's housing unit. Nevertheless, he entered Taylor's housing unit as part of his patrol. Upon arriving at Taylor's cell, Lantagne observed him watching television. MDOC policy prohibits inmates from watching television while on LOP status. Lantagne knew of Taylor's LOP status and therefore instructed him to turn off the television. A verbal exchange ensued between the two, the particulars of which are disputed. Lantagne contends Taylor became upset, obstinate, and belligerent. Taylor, on the other hand, asserts he simply tried to explain that IMCF does not enforce the MDOC policy denying television privileges to inmates on LOP status.

Regardless, Lantagne issued Taylor a misconduct citation consisting of three violations: (1) interference with administration of rules; (2) disobeying a direct order; and (3) insolence. At an internal hearing, Taylor was found guilty of counts two and three. The first count was dismissed, because "a 'no tv watching rule' of one's own tv while on LOP . . . has not been enforced at ICF in recent history." As a result of these events, Taylor sued Lantagne under 42 U.S.C. § 1983, alleging that Lantagne subjected him to retaliation for exercising his First Amendment rights.

The district court initially dismissed Taylor's complaint for failure to state a claim. However, we reversed the district court and remanded the matter for service of process. *Taylor v. Lantagne*, 418 F. App'x 408, 409 (6th Cir. 2011). Taylor then amended his complaint twice, and Lantagne moved for summary judgment, raising qualified immunity as a defense. Notwithstanding Lantagne's motion for summary judgment, Taylor moved for default judgment on the grounds that Lantagne had failed to answer or otherwise respond to his amended complaint.

The magistrate judge recommended that (1) Lantagne's motion be granted, because Taylor did not support the merits of his claim, and (2) Taylor's motion for default judgment be denied. Taylor filed an objection to the recommendation, noting that he had not received Lantagne's motion for summary judgment, reasserting his motion for default judgment, and further arguing the merits of his claim. The district court denied Lantagne's motion for summary judgment on the merits, but did not address, or even mention, the qualified immunity defense. The district court also denied Taylor's motion for default. Lantagne filed a motion for reconsideration of that decision, which the court again denied. Lantagne now appeals the denial of his motion for summary judgment.

## II.

Appellate jurisdiction under 28 U.S.C. § 1291 gives us the ability "to hear appeals only from 'final decisions' of district courts." *Johnson v. Jones*, 515 U.S. 304, 309 (1995). However, there is a small class of interlocutory decisions "which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). The denial of

qualified immunity falls into this small class of immediately appealable collateral orders, but only when the defense rests on a pure question of law. *Johnson*, 515 U.S. at 312-13.

While certain qualified immunity rulings may be immediately appealable, to obtain review of any district court order, the district court must have "conclusively determine[d] the disputed question." *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985)). Moreover, where arguments are not squarely presented to the district court, we have declined to review such arguments. *See Sigmon Fuel Co. v. Tenn. Valley Auth.*, 754 F.2d 162, 164-65 (6th Cir. 1985).

**III.**

The defense of qualified immunity must be properly raised in district court so that the court may conclusively determine whether that defense is available. *See Summers*, 368 F.3d at 886 (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, 526-27 (6th Cir. 2002)). For the reasons that follow, we hold that the parties did not properly raise qualified immunity before the district court and the district court did not conclusively determine the issue.

First, and most importantly, Taylor was not served, and indeed never received, a copy of Lantagne's motion for summary judgment, which raised the defense of qualified immunity. Taylor addressed this failure at the first possible opportunity, in his objections to the magistrate judge's Report and Recommendation ("R&R").

The events that followed further contributed to Taylor's lack of notice. Although he responded to the R&R, Taylor did not specifically address Lantagne's claim of qualified immunity, because the R&R did not address the issue of qualified immunity. In fact, the nine-page R&R failed

to use the phrase "qualified immunity" even once. The report addressed only Lantagne's first defense, that Taylor could not show causation under his First Amendment retaliation claim. This failure contributed to the second reason why the defense was not properly raised.

Pursuant to 28 U.S.C. § 636(b)(1)(B)-(C), any party may serve and file written objections to a magistrate judge's R&R on a motion for summary judgment. Thereafter, the district court has a duty to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). If objection is not made, the district court "may accept, reject, or modify, in whole or in part," the findings and recommendations of the magistrate judge. *Id*. Thus, Lantagne should have objected to the R&R, which he failed to do, because the magistrate judge did not address his claim of qualified immunity. *Id.* This compounded Taylor's lack of notice, as he still had not received Lantagne's motion.

The district court also failed to address the claim of qualified immunity. When faced with a motion based on qualified immunity, the district court has a duty to rule on the issue. *Summers*, 368 F.3d at 886. Here, the district court wrote an opinion and order wherein it failed to mention qualified immunity or its legal requirements even once. The district court responded only to the R&R and Taylor's objections, and, similar to the R&R, apparently failed to take notice of Lantagne's claim of qualified immunity raised in his motion for summary judgment.

Lastly, although Lantagne moved the district court to reconsider his motion for summary judgment, he failed to emphasize or even mention his qualified immunity claim. Thus, to the extent that the district court somehow overlooked Lantagne's claim of qualified immunity from his motion

for summary judgment, Lantagne also failed to bring it to the district court's attention.  Accordingly, the court did not mention qualified immunity in its denial of reconsideration.

The lack of notice to Taylor has deprived him of the opportunity to respond specifically to Lantagne's assertion of qualified immunity.  *See Noble v. Schmitt*, 87 F.3d 157, 161 (6th Cir. 1996) (if a defendant "invokes qualified immunity, the court must allow the claimant the opportunity to present additional facts" which rebut qualified immunity).  Because Taylor did not receive notice of Lantagne's claim of qualified immunity until the instant appeal, we find that the defense was not properly raised.  Additionally, the district court did not raise the issue of qualified immunity in its opinion resolving the motion for summary judgment or decision regarding the motion for reconsideration.  Therefore, the issue was not conclusively determined.  As a result, we are not in a position to address the merits of the interlocutory appeal without a proper raising of the defense and an opportunity for Taylor to respond.

**V.**

For the reasons above, we **VACATE** the district court's decision and **REMAND** the case to the district court to allow Taylor to respond to Lantagne's motion for summary judgment, and specifically to the defense of qualified immunity.