*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0148P (6th Cir.)
File Name: 04a0148p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

TERRY SUMMERS,
   *Plaintiff-Appellee,*

  *v.*

SIMON LEIS, Sheriff,
   *Defendant-Appellant.*

No. 03-3347

—————————

Appeal from the United States District Court
for the Southern District of Ohio at Cincinnati.
No. 02-00686—Susan J. Dlott, District Judge.

Submitted: October 30, 2003

Decided and Filed: May 21, 2004

Before: BATCHELDER and COLE, Circuit Judges;
HOOD, District Judge.[*]

—————————

## COUNSEL

**ON BRIEF:** David Todd Stevenson, Joseph M. Hutson,
HAMILTON COUNTY PROSECUTING OFFICE,

—————————

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Cincinnati, Ohio, for Appellant. Kenneth L. Lawson, LAWSON & ASSOCIATES, Cincinnati, Ohio, for Appellee.

HOOD, D. J., delivered the opinion of the court, in which COLE, J., joined. BATCHELDER, J. (pp. 15-18), delivered a separate concurring opinion.

—————————

## OPINION

—————————

HOOD, District Judge. Terry Summers ("Summers") brought this 42 U.S.C. § 1983 action against Hamilton County Sheriff Simon Leis ("Leis"), certain unnamed deputies employed by him, and Hamilton County, Ohio, alleging, in part, violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution. Leis appeals the district court's orders denying his motion for summary judgment on the grounds of qualified immunity and *Younger* abstention "without prejudice to resubmission," and entering a scheduling order requiring full discovery. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** for further proceedings consistent with this opinion.

## I. FACTUAL AND PROCEDURAL HISTORY

Summers, a resident of Cincinnati, Ohio, actively protests the police misconduct, judicial misconduct, and racial injustice he perceives to exist in Hamilton County, Ohio. On September 18, 2002, and September 23, 2002, he was engaging in such protests on the public sidewalk in front of the Hamilton County Courthouse. During both protests, Summers dragged the American Flag on the ground and, on both occasions, he was arrested by Hamilton County deputy sheriffs. At the time of his arrests, Summers was charged with disorderly conduct in violation of Ohio Revised Code § 2917.11 and carrying concealed weapons in violation of

Ohio Revised Code § 2923.12.[1] These charges are currently pending in the Hamilton County Municipal Court.[2] Summers has filed motions contesting the validity of his arrests on First Amendment grounds in the Hamilton County Municipal Court.

On September 24, 2002, while the charges against Summers were pending in the Hamilton County Municipal Court, Summers filed a 42 U.S.C. § 1983 complaint in the United States District Court, Southern District of Ohio, alleging, in part, violations of the First, Fourth, and Fourteenth Amendments to the United States Constitution. The complaint appears to assert two distinct causes of action. The first, entitled "First Claim for Relief Injunction," relies on the First Amendment and asks the Court to permanently enjoin Leis from arresting him for engaging in protests and symbolic speech. The second cause of action seems to assert a claim based on alleged violations of the First and Fourteenth Amendments for arresting and incarcerating Summers for a minor misdemeanor in violation of Ohio law. Summers sought a declaration from the district court that the acts complained of are unconstitutional, an order permanently enjoining defendants from the "unconstitutional violations complained of," and damages based on his state law claims.[3]

---

[1] Among the "weapons" at issue are a hammer, crow bar, and pocket knife.

[2] The disorderly conduct charge from September 18, 2002, is a misdemeanor of the fourth degree, carrying a maximum penalty of 30 days in jail and a $250 fine. The disorderly conduct charge from September 24, 2002, is a minor misdemeanor punishable by a fine of $100. Both charges of carrying concealed weapons are misdemeanors of the first degree, carrying a maximum penalty of six months in jail and a $1,000 fine.

[3] From the complaint, the plaintiff-appellee's state claims are unclear. It appears Plaintiff-Appellee is alleging the tort of false arrest and violation of Ohio Rev. Code §2935.36 which requires that arresting officers, "when otherwise authorized to arrest a person for the

Leis filed a motion for summary judgement on October 15, 2002, on the grounds of abstention, qualified immunity, state based immunities, and failure to state a claim. In response, on October 29, 2002, Plaintiff-Appellee filed a motion to hold Sheriff Leis's motion for summary judgment in abeyance until completion of discovery. On February 18, 2003, after the issue was fully briefed, the district court denied Summers's motion as moot, and denied "without prejudice to resubmission" Leis's motion for summary judgment, declining to address the merits of the motion pending the completion of discovery.[4] On February 18, 2003, the district court also entered a scheduling order for the completion of discovery. A timely notice of appeal was filed.

## II. STANDARD OF REVIEW

We review a grant or denial of summary judgment *de novo*, using the same Fed. R. Civ. P. 56(c) standard as the district court. *Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995) (citing *Hansard v. Barrett*, 980 F.2d 1059 (6th Cir. 1992)). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, we view the factual evidence and draw all reasonable inferences in favor of the non-moving party. *National Enterprises v. Smith*, 114 F.3d

---

commission of a minor misdemeanor," issue a citation in lieu of a physical arrest in the absence of certain specified circumstances.

[4] The actual motion for summary judgment was not included in the parties Joint Appendix, but was frequently referenced by the parties. Unfortunately, the district court's order denying summary judgment did not address any of the substantive issues raised by said motion. Therefore, there is nothing in the record, other than the parties claims, regarding the nature of the motion for summary judgment.

561, 563 (6th Cir. 1997). To prevail, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Additionally, this Court conducts *de novo* review of the district court's denial of a defendant's motion for summary judgment on the basis of qualified immunity because, as we have noted, "the issue whether qualified immunity is applicable to an official's actions is a question of law." *Chappel v. Montgomery Country Fire Protection Dist. No. 1,* 131 F.3d 564, 573 (6th Cir. 1997) (citing *Dickerson v. McClellan,* 101 F.3d 1151, 1157 (6th Cir. 1996)). "Because the issue of qualified immunity is a legal question, no deference is due the district court's conclusion." *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 998 (6th Cir. 1994).

## III. DISCUSSION

### A. Qualified Immunity

In this case, Leis filed a motion for summary judgment based, in part, on the defense of qualified immunity. The district court's February 18, 2002, order declined to assess the merits of Leis's motion for summary judgment, denying the motion "without prejudice to resubmission." This ruling was effectively a denial of qualified immunity. The district court's decision was based on an apparent belief that any decision regarding qualified immunity was premature and should await the close of discovery.

Summers argues that because the district court did not rule on the merits of the asserted qualified immunity defense, this court presently lacks jurisdiction to review the district court's

refusal to grant relief. He also argues that because the motion can be renewed at the close of discovery, Leis retains the possibility that the qualified immunity defense will shield him from trial. Leis, on the other hand, argues that the district court's denial of the motion as premature operates as a final decision on qualified immunity because it deprives him of a key benefit of the doctrine's protection - immunity from suit, not just from liability. Further, Leis contends that in order to adequately oppose the motion for summary judgment based on a need for further discovery, Summers should have filed an explanatory Fed. R. Civ. P. 56(f) affidavit.

### 1. Jurisdiction

Jurisdiction in this matter arises under 28 U.S.C. § 1291, granting jurisdiction to hear appeals from final judgments of district courts. Generally, a denial of summary judgment is not a final judgment for purposes of appeal. *Hoover v. Radabaugh,* 307 F.3d 460, 465 (6th Cir. 2002); *Johnson v. Jones,* 515 U.S. 404 (1995). Courts, however, have recognized that, under certain circumstances, denials of qualified immunity on summary judgment by a district court may be appealed as a collateral order.

An interlocutory decision appealable as a final order must satisfy two criteria: (1) "[I]t must conclusively determine the disputed question," and (2) that question must involve a claim "of right separable from, and collateral to, rights asserted in the action." *Mitchell v. Forsyth,* 482 U.S. 511, 527 (1985) (internal citations omitted). There is no doubt that a decision on qualified immunity involves a claim of right that is separate from, and collateral to, rights asserted in the action. *Id.* The key issue thus becomes whether the district court's refusal to address the merits of the Leis's motion conclusively determined the issue in this case.

The purpose of a qualified immunity defense is not only protection from civil damages but protection from the rigors of litigation itself, including the potential disruptiveness of

discovery. *See Pierson v. Ray,* 386 U.S. 547 (1967); *Harlow v. Fitzgerald,* 457 U.S. 800, 816 (1982); *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). In fact, the Court in *Anderson v. Creighton* emphasized that "[o]ne of the purposes of the *Harlow* qualified immunity standard is to protect public officials from the 'broad-ranging discovery' that can be 'particularly disruptive of effective government.'" *Anderson v. Creighton,* 483 U.S. 635, 646 (1987) (quoting *Harlow*, 457 U.S. at 817). So, here, even though the defendant-appellant is free to renew his motion later, "[he] would in the meantime be forced to go through a large part of the litigation process that the qualified immunity doctrine seeks to avoid." *Wallin v. Norman,* 317 F.3d 558, 563 (6th Cir. 2003).

This Court has held on multiple prior occasions that, when faced with a motion based on qualified immunity, a district court can not avoid ruling on the issue. See e.g., *Skousen v. Brighton High School,* 305 F.3d 520 (6th Cir. 2002). In the case of *Skousen v. Brighton High School*, we concluded that a district court committed legal error in dismissing a motion for summary judgement based on qualified immunity solely because discovery was not complete. See *Skousen,* 305 F.3d 520 (6th Cir. 2002). We held that, because the defense of qualified immunity is a threshold question, if the defense is properly raised prior to discovery, the district court has a duty to address it. *Id.*

> Rather than dismiss the [summary judgment] motion because discovery was not complete, the district court was required to determine - prior to permitting further discovery - whether [Plaintiff's] complaint alleged the violation of a constitutional right at all, and if so, whether that right was clearly established at the time of the alleged violation.

*Id.* at 527. Only after the court inquires into whether any facts material to Plaintiff's claims are genuinely at issue, and only upon a finding that material facts are in fact in dispute is a court at liberty to hold a motion for summary judgment in

abeyance pending additional discovery. *Id.* Because the order denying summary judgment was premised on the legal question of qualified immunity rather than the existence of a genuine issue of material fact, the Court retained jurisdiction and found that an interlocutory appeal was proper. See *Skousen,* 305 F.3d at 520.

As mentioned above, the district court's denial of Leis's summary judgment motion was based on an apparent belief that any decision regarding qualified immunity was premature and should await the close of discovery. When a motion for summary judgment is filed, the party opposing the motion may, by affidavit, explain why he is unable to present facts essential to justify the party's opposition to the motion. Fed. R. Civ. P. 56(f). The burden is on the party seeking additional discovery to demonstrate why such discovery is necessary. *See Wallin,* 317 F.3d 558. In this instance, in order to adequately oppose Leis's motion for summary judgment, Summers should have filed a Fed. R. Civ. P. 56(f) affidavit explaining his need for additional discovery.[5]

Summers argues that he did in fact submit the affidavit of his counsel which ostensibly states why further discovery is needed. That affidavit, however, merely recites the same conclusory allegation[s] contained in the complaint: 'Counsel believes evidence will demonstrate the Plaintiff was arrested for no other reason than dragging the American Flag.' (Lawson Aff. ¶ 3). This does not meet the requirements of Fed. R. Civ. P. 56(f).

---

[5] "Pursuant to Rule 56(f) a party opposing a motion for summary judgment is allowed to state that he or she is unable to present facts essential to justify the parties opposition. In that situation, the district court may permit further discovery so that the nonmoving party can adequately oppose the motion for summary judgment. But it is up to the party opposing the motion to state why more discovery is needed." *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003).

Bare allegations or vague assertions of the need for discovery are not enough. *United States v. Cantrell*, 92 F. Supp.2d 704, 717 (S.D. Ohio 2000) (citing *Lewis v. ABC Business Serv., Inc.,* 135 F.3d 389, 409 (6th Cir. 1998)). In order to fulfill the requirements of Fed. R. Civ. P. 56(f), Summers must state with "some precision the materials he hopes to obtain with further discovery, and exactly how he expects those materials would help him in opposing summary judgment." *Simmons Oil Corp. v. Tesoro Petroleum Corp.,* 86 F.3d 1138, 1144 (Fed. Cir. 1996). The affidavit on which Summers relies does neither.

In the absence of a sufficient affidavit, there is no justification for the district court's determination that a motion for summary judgment would be premature until the close of discovery. Therefore, the district court erred in not ruling on Leis's motion for summary judgment.

This Court finds that the district court's refusal to address the merits of the defendant's motion asserting qualified immunity constitutes a conclusive determination for the purposes of allowing an interlocutory appeal.

## 2. Merits

Having determined that the district court's refusal to address the merits of the defendant's motion asserting qualified immunity constitutes a conclusive determination for the purposes of allowing an interlocutory appeal, we can consider the order as final. Thus, we now turn to the merits of whether Leis is entitled to qualified immunity.

In an action brought pursuant to 42 U.S.C. § 1983, the plaintiff must prove that (1) the challenged conduct was committed by a person acting under the color of state law, and (2) the conduct caused a deprivation of a person's rights or privileges protected by the laws or Constitution of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *Baker v. McCollan,* 443 U.S. 137, 142 (1979). In *Saucier v. Katz,* the

United States Supreme Court held that a district court considering a claim of qualified immunity must first determine whether the individual claiming the immunity committed a constitutional violation. *Saucier v. Katz*, 533 U.S. 194 (2001). The Court considered this a threshold question for, "if no constitutional right would have been violated [by the officer's conduct] were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Id.* at 201.

The first question for the Court is whether Leis, acting under the color of state law, committed a constitutional violation. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber,* 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.* Summers has failed to demonstrate that Leis engaged in any active unconstitutional behavior. In fact, Summers's complaint attributes no specific acts to Leis at all. Summers's claim against the Sheriff is based solely on the actions of his unnamed deputies. Furthermore, Summers's complaint alleges no specific, unconstitutional policy, custom or practice on the part of Sheriff Leis, nor does it allege that Leis acted in any capacity other than employer of the deputies that arrested Summers.

In failing to assert, much less identify, any constitutional wrong committed by Leis, Summers has failed to set forth anything establishing a claim under 42 U.S.C. § 1983. Thus, the Court finds that Leis is entitled to qualified immunity. The district court erred in denying Leis's motion for summary judgment on this issue.

## B. Municipal Liability and *Younger* abstention

The final two issues, whether the district court erred in failing to dismiss the claims against Hamilton County, Ohio, and whether the district court erred in failing to dismiss the action pursuant to *Younger v. Harris*, will be treated together

for it is in these contexts that another jurisdictional issue, an issue not broached by either party, arises.

As noted above, the dismissal of Leis's motion for summary judgment is appealable as a final judgment to the extent that it involves issues of qualified immunity. The reasoning behind such a finding, however, does not carry over to the questions of whether the district court erred in failing to dismiss the claims against Hamilton County or in failing to dismiss the entire action pursuant to *Younger v. Harris*. We conclude that this Court does not have jurisdiction to address either of these issues.

### 1. Municipal Liability

In *Swint v. Chambers County Commission,* a unanimous Supreme Court held that the denial of summary judgment based on municipal liability is not immediately appealable. *Swint v. Chambers County Commission,* 514 U.S. 35, 43 (1995). The *Swint* Court supported their holding by pointing out that the rationale supporting immediate review of some qualified immunity decisions does not extend to a municipality's defenses to § 1983 claims. As discussed in more detail above, in qualified immunity cases, "the entitlement is an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). The *Swint* Court ruled that, unlike the qualified immunity entitlement, municipal defenses under § 1983 are not a right to immunity from trial but a "mere defense to liability." *Swint*, 514 U.S. at 43. As such, the collateral order doctrine does not apply and a municipality's defenses to suit may only be reviewed after a final judgment on the merits.

This Circuit has also determined that the denial of summary judgment based on municipal liability is not immediately appealable. See *Crockett v. Cumberland College,* 316 F.3d 571, 578 (6th Cir. 2003). In *Crockett* we stated that "...even

if the City [appellant] had raised the issue of municipal liability at the district court level and the district court had rejected that argument, this Court would not have jurisdiction over such an appeal under the collateral order doctrine." *Crockett,* 316 F.3d at 578. We explained that, in such cases, the third prong of the collateral order doctrine can not be satisfied because an appellate court can effectively review the question of municipal liability after the district court renders a final judgment. *Id.*

As this Court is without jurisdiction to consider the merits of Hamilton County's municipal liability defense, we decline to entertain this portion of the appeal.

### 2. *Younger* Abstention

Abstention is treated in much the same manner as the municipal liability issue discussed above. The outcome is identical; this Court does not have jurisdiction to review the issue of whether the district court erred in failing to dismiss the action when criminal charges involving the same conduct and parties were pending in state court. The district court's failure to dismiss the entire action pursuant to *Younger* does not qualify as a final decision under 28 U.S.C. § 1291, nor does it fit within the collateral order exception to that statute. Additionally, the district court's decision does not qualify as an interlocutory order as defined in 28 U.S.C. § 1292. Further, *Younger* abstention does not require us to decline to address the qualified immunity question, as the concurrence suggests. As we discussed above, Summers has failed even to allege any acts by Sheriff Leis at all. Section 1983 supervisory liability cannot be predicated on the mere failure to act. *Greene,* 310 F.3d at 899. Quite simply, resolution of the constitutionality of Leis's conduct does not require us to address the constitutionality of the arresting deputy's conduct. Whether or not the deputies violated Summers's constitutional rights, Leis is entitled to dismissal of the case against him.

We therefore focus on whether exercise of our pendent appellate jurisdiction is appropriate. Pendent appellate jurisdiction refers to the exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but, may be reviewed on interlocutory appeal if those issues are "inextricably intertwined" with matters over which the appellate court properly and independently has jurisdiction. *Chambers v. Ohio Dep't of Human Servs.,* 145 F.3d 793, 797 (6th Cir. 1998). This circuit has interpreted "inextricably intertwined" to mean that the resolution of the appealable issue "necessarily and unavoidably" decides the non-appealable issue. *Vakilian v. Shaw*, 335 F.3d 509, 521 (6th Cir. 2003) (citing *Brennan v. Township of Northville,* 78 F.3d 1152, 1157 (6th Cir. 1996)).

A district court's determinations of whether it must abstain under *Younger* and whether to grant qualified immunity require the application of separate and distinct legal standards. It is not necessary to decide whether the district court should have abstained under *Younger* in order to review whether it applied the appropriate legal standard and analysis in denying qualified immunity to Sheriff Leis. Moreover, our review of whether the district court improperly denied Leis qualified immunity does not "necessarily and unavoidably" resolve the *Younger* abstention issue.

Pendent appellate jurisdiction may also be appropriate if review of the issue of which the Court does not properly have jurisdiction is "necessary to ensure meaningful review" of the issue of which the Court does. *Archie v. Lanier,* 95 F. 3d 438, 443 (6th Cir. 1996) (citing *Swint,* 514 U.S. at 51). That is not the case here. In this instance, resolution of the *Younger* abstention issue is not critical because, even if the district court is required to abstain under *Younger* and dismiss the suit, such a result has no effect on whether Leis is entitled qualified immunity. Nothing pertaining to the qualified immunity issue could potentially interfere with ongoing state proceedings, thus review of the court's *Younger* abstention

decision is not "necessary to ensure meaningful review of" the denial of qualified immunity.

The district court's failure to dismiss the action on the basis of *Younger* abstention, therefore, is not "inextricably intertwined" with or "necessary to ensure meaningful review of" the qualified immunity appeal of Leis. Consequently, this Court lacks pendent appellate jurisdiction over that argument. As we are without jurisdiction, we decline to review the district court's failure to dismiss pursuant to *Younger v. Harris.*

Since the principles of *Younger* do not require us to abstain from considering Leis's qualified immunity, we do not believe it would be proper to use the asserted qualified immunity defense of one defendant as a gateway to review the otherwise currently unappealable *Younger* assertions of all the defendants. We are confident that the district court is capable of addressing the issue in the first instance on remand.

## IV. CONCLUSION

For all the reasons set forth above, we **REVERSE** the district court's denial of summary judgment in part finding that Leis is entitled to qualified immunity. Additionally, we **DISMISS** the remainder of the appeal dealing with issues of municipal liability and abstention for lack of appellate jurisdiction. Finally, we **REMAND** this action to the district court for further proceedings consistent with this opinion.

---

### CONCURRENCE

---

ALICE M. BATCHELDER, Circuit Judge, concurring. I concur in judgment only. Although I generally agree with the majority's reasoning, I believe that the federal courts should have abstained from hearing the present matter and therefore should not have reached the merits of Summers' claims.

Summers asked this Court not only to enjoin future arrests, but also to declare that the defendants' actions are unconstitutional. Although Summers claimed that he did not seek to enjoin the state prosecutions, he in essence sought a predetermination from the federal courts that his pending motion in the state proceeding ought to be granted. Such a holding necessarily impacts the state prosecution.

The Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Thus, in applying *Younger* abstention, the court must consider whether (1) a state proceeding is pending at the time the federal action is initiated; (2) an adequate opportunity is provided to raise the constitutional claims in state court; and (3) there are extraordinary circumstances that nevertheless warrant federal intervention. Respect for the state process precludes a presumption that state courts will not safeguard federal constitutional rights. *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982).

"Extraordinary circumstances" must "render the state court incapable of fairly and fully adjudicating the federal issues before it." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). Where *Younger* abstention is appropriate, it requires dismissal of the complaint. *Zalman*, 802 F.2d at 207 n.11.

The majority has reasoned that the district court's failure to dismiss the action pursuant to *Younger* does not qualify as a final decision and that deciding the issue of abstention is unnecessary in order to review the issue of qualified immunity. Even in determining whether Sheriff Leis is entitled to qualified immunity, however, this Court must necessarily pass on Leis' conduct - or lack thereof - in the context of the two arrests. This would determine issues which, at the time the federal action was initiated, were present in the criminal proceedings before the Hamilton County Municipal Court. We specifically cautioned against such action in *Zalman v. Armstrong*. "[T]he principles underlying *Younger* require that the initial frame of reference for abstention purposes be determined at the time that the federal complaint is filed, or at the very latest, at the time a hearing is held on the merits . . . . *Any other rule would [] permit a district court to directly interfere in an ongoing state proceeding* and yet preclude a review of the propriety of that interference by an appellate court." *Zalman*, 802 F.2d at 203 (emphasis added).

The Supreme Court has specifically held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, the complaint *must be dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* "For example, if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention [is] an appropriate response to the parallel state-court proceedings." *Id.* at 487 n.8.

We have directly addressed this issue in the exact context presented here, where a § 1983 action, if successful, would imply the invalidity of a future conviction on a pending criminal charge. In *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (1999), we found that "the concerns of *Heck* apply pre-conviction as well as post-conviction." *Id.* at 398. Under the plain holding of *Shamaeizadeh*, a plaintiff cannot "bring an action seeking damages related to the criminal proceeding brought against him until a disposition in that proceeding ha[s] been reached." *Id.* at 398-99. Indeed, the statute of limitations does not even begin to run for criminal defendants seeking to file § 1983 claims until the disposition of any pending criminal proceedings. *Id.* at 399.

Appellate review of *Younger* abstention is therefore properly before this Court, as the question of abstention cannot be determined at any other time without permitting the type of interference against which *Younger* and its progeny specifically sought to protect. It would make little sense, I think, to decline to address the issue of abstention at this point, hold that qualified immunity applies to Sheriff Leis' actions, and then, if we see this case again at a later stage in the litigation, hold at that time that the district court should have dismissed the entire action as an initial matter.

Summers has argued that there is "no identified important State interest in the criminal proceeding." This belies both the law and common sense. "A State's decision to classify conduct as criminal provides some indication of the importance it has ascribed to prompt and unencumbered enforcement of its laws." *Younger*, 401 U.S. at 55 n.2 (Stewart, J., concurring). Summers can and should present his federal claims in the state court proceedings. Where a prosecution is threatened by state officers for alleged violations of a state law, the state courts are the final arbiters of the law's meaning and application, subject only to review by the United States Supreme Court on federal grounds properly asserted. *Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943).

Nothing prevented Summers from presenting his federal claims in the pending state court proceedings. If he had done so, and the trial court had denied or otherwise failed to consider Summers' constitutional claims, he could exercise his right to an appeal under Ohio law. "[P]laintiffs will have an adequate opportunity to raise th[e] issue on appeal, which is sufficient for *Younger* purposes." *Nernberg v. City of Pittsburgh*, 50 F. Supp. 2d 437, 440 (1999). Summers also has access to remedies under Ohio Criminal Rule 12(C), which permits him to pursue a motion to dismiss by objecting to the "institution of the prosecution" and defects in the complaint. This includes Summers' claim that he was engaged in constitutionally protected conduct at the time of his arrests. In short, an adequate opportunity is available for Summers to raise his constitutional claims in the state court, and the district court erred in failing to dismiss this action when criminal charges involving the same parties and conduct were pending in state court.

Because abstention is appropriate, this Court should not reach any of the claims in the complaint.