NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0069n.06

**Case No. 17-5506**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| NANCY G. ATKINS, Liquidator of Kentucky Health Cooperative, Inc., | ) | **FILED** |
|  | ) | Feb 09, 2018 |
|  | ) | DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) |  |
|  | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
|  | ) | COURT FOR THE EASTERN |
|  | ) | DISTRICT OF KENTUCKY |
| CGI TECHNOLOGIES AND SOLUTIONS, INC., | ) |  |
|  | ) | O P I N I O N |
|  | ) |  |
| Defendant-Appellant. | ) |  |
|  | ) |  |

**BEFORE: KEITH, McKEAGUE, and STRANCH, Circuit Judges.**

**McKEAGUE, Circuit Judge.** This appeal concerns enforcement of a contractual arbitration clause. The Kentucky Commissioner of Insurance, in liquidation proceedings on behalf of an insolvent company, Kentucky Health Cooperative, Inc., filed breach of contract and negligence claims that come within the scope of the arbitration clause. The defendant company, CGI Technologies and Solutions, Inc. ("CGI"), removed the action to federal court and asserted its right to arbitration. Whether the arbitration clause is enforceable depends on the outcome of a contest between federal preemption, pursuant to the Federal Arbitration Act, and "reverse preemption" by a state law regulating the business of insurance, pursuant to the McCarran-Ferguson Act. The district court denied CGI's motion to compel arbitration "without prejudice"

. . . and without explanation. Exercising its right to interlocutory review, CGI immediately appealed the ruling. Adherence to Sixth Circuit precedent compels us to conclude, for the following reasons, that the district court's refusal to compel arbitration was in error and must be vacated.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Kentucky Health Cooperative, Inc. ("Kentucky Health Co-op") was a nonprofit health insurance company established in 2011 as a "Consumer Operated and Oriented Plan" under the Patient Protection and Affordable Care Act, 42 U.S.C. § 18042. As such, it was created to provide qualified health plans for individuals and small groups in Kentucky. In 2013, Kentucky Health Co-op entered into an Administrative Services Agreement ("Agreement") with CGI, a Delaware corporation with its principal place of business in Virginia. Pursuant to the Agreement, CGI undertook to perform administrative claims processing and payment functions relating to services provided by Kentucky Health Co-op to its members. The Agreement provides that any dispute between the parties shall be resolved by mediation or arbitration under the Rules of the American Health Lawyers Association Alternative Dispute Resolution Service. The Agreement further provides that it "shall be governed by and construed in accordance with the laws of the Commonwealth of Kentucky."

In 2015, Kentucky Health Co-op became insolvent and the Commissioner of the Kentucky Department of Insurance instituted a delinquency proceeding (which became a liquidation proceeding) in the Franklin Circuit Court in October 2015. As Liquidator, the Commissioner brought a collateral proceeding against CGI, asserting claims on behalf of Kentucky Health Co-op for breach of contract and negligence and gross negligence in its performance of duties under the Agreement. CGI responded by removing the action to federal

court, based on the parties' diversity of citizenship. CGI also moved the district court to compel arbitration in accordance with the Agreement.

On its way to denying CGI's motion to compel, the district court also denied the Liquidator's motion to remand. The court rejected the Liquidator's argument that the state statute under which it was proceeding against CGI, Kentucky's Insurers Rehabilitation and Liquidation Law ("IRLL"), "reverse-preempted" the federal diversity jurisdiction statute, 28 U.S.C. § 1332, on which CGI's removal was premised, by virtue of the McCarran-Ferguson Act, 15 U.S.C. § 1012(b). The court observed that "the McCarran-Ferguson Act is limited to 'reverse preempting' legislation passed through Congress' Commerce Clause authority." *Maynard v. CGI Technology & Solutions, Inc.*, 227 F.Supp.3d 773, 777 (E.D. Ky. 2017). In the same ruling, the district court also denied the Liquidator's request that the court abstain from exercising jurisdiction. The court held that abstention was inappropriate under both *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and *Burford v. Sun Oil Co.*, 319 U.S. 315, (1943). *Id.* at 779–81.

Having made these jurisdictional rulings, the district court solicited additional briefing on the enforceability of the arbitration clause in the Agreement and scheduled the matter for oral argument, conducted on March 2, 2017. The hearing also included arguments on the Liquidator's motion to remand parallel litigation brought by the Liquidator against CGI and other defendants who allegedly played roles contributing to the insolvency of the Kentucky Health Co-op., *J. Gaither, Deputy Liquidator v. Beam Partners, LLC, et al.*, E.D. Ky. No. 3:16-CV-94 ("parallel case"). In a ruling dated March 31, 2017, the district court rejected CGI's argument that non-diverse defendants had been fraudulently joined in the second case and granted the Liquidator's motion to remand the parallel case to state court.

That same day, the district court issued a second ruling, two paragraphs long, addressing CGI's motion to compel arbitration. The court observed that remand of the parallel case to state court "results in a significantly altered procedural posture" for this case and the court summarily denied the motion to compel arbitration "without prejudice to being re-filed at a later date." R. 63, Order at 2, Page ID 1173. The court provided no further explanation. CGI timely filed its notice of appeal and promptly moved the court to expedite the appeal.[1]

## II. JURISDICTION

### A. Denial of Motion to Compel Arbitration

Under 9 U.S.C. § 16, the denial of a motion to compel arbitration, albeit interlocutory, is immediately reviewable. *Russell v. Citigroup, Inc.*, 748 F.3d 677, 679 (6th Cir. 2014); *see also Chorley Enterprises, Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 561 (4th Cir. 2015). This is true even where, as here, the district court's denial is "without prejudice." *Id.* at 562; *Quilloin v. Tenet Health System Philadelphia, Inc.*, 673 F.3d 221, 228 (3d Cir. 2012); *see also Hilton v. Midland Funding, LLC*, 687 F.App'x 515, 517–18 (6th Cir. 2017) (holding that order compelling arbitration and dismissing case without prejudice was immediately appealable).

---

[1] On September 9, 2017, the Liquidator filed a motion asking us to take judicial notice of, or supplement the record with, recently filed pleadings in the parallel case that was remanded to state court. Specifically, the new pleadings consist of (1) a cross-complaint, by other defendants named by the Liquidator in the parallel case, against CGI; and (2) a second amended complaint by the Liquidator against CGI, adding claims for recovery of voidable preferential transfers under Kentucky law. These new claims are said to strengthen the Liquidator's position that the state court is a superior forum in which to obtain complete adjudication while avoiding piecemeal and potentially inconsistent rulings.

The parties agree that the panel should be cognizant of the new pleadings and the evolving status of the parallel state court litigation, but argue vigorously over the significance of these matters to the issues pending in this appeal. The status of the state court litigation may prove relevant to the issue of abstention in future proceedings, but because, as explained below, we find the new pleadings irrelevant to the issues properly before us in this appeal, we deny the motion as moot.

The lack of a final judgment is thus no impediment to immediate review and we undisputedly have jurisdiction to decide CGI's appeal.

## B. Denial of Motion to Remand for Lack of Jurisdiction

The Liquidator has not appealed the district court's denial of her motion to remand for lack of jurisdiction, but argues, in defense of the denial of the motion to compel arbitration, that the district court lacked authority to compel arbitration anyway because it lacked jurisdiction. This argument is not properly before us in this appeal. The denial of a motion to remand for lack of jurisdiction is an interlocutory ruling that is generally not immediately reviewable. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74 (1996). Nor has the Liquidator asked the court to exercise pendent appellate jurisdiction over her disagreement with the district court's jurisdictional ruling. *See Summers v. Leis*, 368 F.3d 881, 889–90 (6th Cir. 2004) ("Pendent appellate jurisdiction refers to the exercise of jurisdiction over issues that ordinarily may not be reviewed on interlocutory appeal, but may be reviewed on interlocutory appeal if those issues are 'inextricably intertwined' with matters over which the appellate court properly and independently has jurisdiction.").

Yet, the Liquidator's brief on appeal renews the reverse-preemption-of-diversity-jurisdiction argument—presumably to buttress her argument that the IRLL reverse-preempts CGI's contractual right to arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq*. Assuming the Liquidator is implicitly asking us to exercise pendent appellate jurisdiction, *see AmSouth Bank v. Dale*, 386 F.3d 763, 774–75 (6th Cir. 2004) (exercising pendent appellate jurisdiction even though parties had not argued for it), we decline. These two reverse-preemption issues, albeit arguably related, cannot fairly be characterized as "inextricably intertwined." In *Summers*, the court interpreted "inextricably intertwined" to mean "that the

resolution of the appealable issue 'necessarily and unavoidably' decides the nonappealable issue." 368 F.3d at 889. Here, resolution of the question whether enforcement of the arbitration clause avoids reverse preemption will not necessarily and unavoidably determine whether the district court's jurisdictional ruling was correct. Hence, the Liquidator's reverse-preemption-of-diversity-jurisdiction argument is not inextricably intertwined with issues properly presented in this, CGI's, appeal from the denial of the motion to compel arbitration.

Moreover, the district court's jurisdictional ruling, rejecting the Liquidator's argument that Kentucky's IRLL reverse-preempted the federal diversity jurisdiction statute, is consonant with Sixth Circuit law and the majority view among the circuits. *See AmSouth Bank*, 386 F.3d at 783; *Int'l Ins. Co. v. Duryee*, 96 F.3d 837 (6th Cir. 1996); *Maynard*, 227 F.Supp.3d at 777–79 (collecting cases).

Accordingly, the Liquidator's jurisdictional argument is given no further consideration.

### C. Denial of Abstention

In the order denying CGI's motion to compel arbitration, the district court also denied the Liquidator's motion to dismiss the motion to compel arbitration without prejudice. Again, the district court's order includes no explanation. The Liquidator's motion was based on two grounds. First, the Liquidator asserted that the district court lacked subject matter jurisdiction because the diversity jurisdiction statute and therefore the federal removal statute were reverse-preempted by the IRLL. Second, the Liquidator argued that, if the court held that it had jurisdiction, it should abstain from exercising it. Both arguments were rejected in the court's order denying the Liquidator's motion to remand. *Maynard*, 227 F.Supp.3d at 776. The Liquidator's motion to remand was filed on the same day as the Liquidator's motion to dismiss CGI's motion to compel arbitration and raised the same two arguments. As indicated above, the

Liquidator did not appeal the order denying the motion to remand. Indeed, the order is not appealable. Nor did the Liquidator appeal the district court's refusal to abstain. It, too, is an interlocutory order and is not immediately appealable. *See Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 290 (1988) (holding that an order denying abstention does not qualify as a final decision under 28 U.S.C. § 1291 and does not qualify as an interlocutory decision that is immediately appealable under 28 U.S.C. §1292); *Summers*, 368 F.3d at 889 (same). Yet, again, the Liquidator's brief includes argument suggesting the district court erred by refusing to abstain.

The court lacks appellate jurisdiction to review the denial of abstention. Again, pendent appellate jurisdiction is not available because the issues are not inextricably intertwined: resolution of the question whether enforcement of the arbitration clause is reverse-preempted will not necessarily and unavoidably determine whether the district court's refusal to abstain was correct.

Insofar as the Liquidator is asking *us* to abstain, we decline. The Supreme Court has repeatedly emphasized that a federal court should rarely refrain from exercising its lawful jurisdiction: only in "exceptional circumstances" where a "careful balancing" of important factors, "heavily weighted in favor of the exercise of jurisdiction," yields the "clearest of justifications." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 25–26 (1983). The question whether CGI's contractual right to arbitration under the Federal Arbitration Act is subject to reverse preemption is squarely and properly before us. Our jurisdiction is thus properly invoked to render a legal ruling that will, either way, advance disposition of the disputes between the parties.

Abstention is not appropriate under "the extraordinary and narrow exception" of *Burford* because CGI's entitlement to arbitration arises in an action for damages, which is a matter of law, not a matter of equitable or discretionary relief. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728, 730 (1996). Nor is our adjudication of CGI's contractual entitlement to arbitration, in and of itself, likely to have a disruptive effect on Kentucky's efforts to establish a coherent policy regarding the rehabilitation and liquidation of insurance companies. *See AmSouth Bank*, 386 F.3d at 783–84. We are not oblivious to concerns about inefficiencies posed by the pendency of related proceedings in multiple fora. These concerns are relevant to consideration of the *Colorado River* judicial economy doctrine. Yet, we are confident that the interests of "wise judicial administration," *see Colorado River*, 424 U.S. at 817, are better served at this stage of the case, in this appeal, not by surrendering our jurisdiction, but by resolving the discreet threshold legal issue properly before us and thereby affording clarity for the benefit of further proceedings . . . in whatever forum.

We thus see no exceptional circumstances that would justify our refusal to decide the appeal properly before us.

### III. ANALYSIS

#### A. Arbitration

#### 1. *General Standards*

The denial of a motion to compel arbitration is subject to de novo review. *Huffman v. Hilltop Cos., LLC*, 747 F.3d 391, 394 (6th Cir. 2014). In the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Congress has established an "emphatic federal policy in favor of arbitral dispute resolution." *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985)). The FAA "provides that written

agreements to arbitrate controversies arising out of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *KPMG*, 565 U.S. at 21–22 (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985), and 9 U.S.C. § 2). "[T]he Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (quoting *Dean Witter*, 470 U.S. at 218 (emphasis in original)).

Here, there is no dispute that the Liquidator's claims, on behalf of Kentucky Health Co-op, against CGI for breach of contract (Count I) and negligence and gross negligence in the performance of its contractual obligations (Count II), arise out of the Administrative Services Agreement between Kentucky Health Co-op and CGI. Nor is there any dispute that, under Article 7 of the Agreement, the parties agreed that any dispute between the parties arising out of or relating to the Agreement "shall be resolved by mediation or arbitration." R. 9-2, Agreement, at 26, Page ID 160. Nor does the Liquidator contest CGI's contention that the language of the Article 7 arbitration clause is broad enough to encompass the Liquidator's claims. So, why did the district court deny the motion to compel arbitration? We don't know; the court didn't say.

### 2. *Reverse Preemption*

The Liquidator's position is that the Agreement, by its own terms, is governed by the laws of the Commonwealth of Kentucky. R. 9-2, Agreement at 24, Page ID 158. Among the applicable laws of the Commonwealth of Kentucky is the IRLL, the Insurers Rehabilitation and Liquidation Law, Ky. Rev. Stat. § 304.33-010 *et seq.*, under which the Liquidator is proceeding on behalf of the insolvent Kentucky Health Co-op, for the protection of its creditors and policyholders. Pursuant to the IRLL, the Franklin Circuit Court has "exclusive jurisdiction" to

determine all matters relating to an insolvent insurer's liquidation, including disputes regarding assets of the insurer. Ky. Rev. Stat. § 304.33-040(3)(a).

This exclusive jurisdiction provision is said to "reverse preempt" CGI's right to enforcement of the arbitration clause pursuant to the FAA by virtue of the McCarran-Ferguson Act, 15 U.S.C. § 1012. The McCarran-Ferguson Act expressly provides that "[t]he business of insurance, and every person engaged therein, shall be subject to the laws of the several States which relate to the regulation or taxation of such business." 15 U.S.C. § 1012(a). The Act further provides that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance." *Id.* § 1012(b). This latter provision can, in certain circumstances effectuate "reverse preemption," effectively exempting from federal preemption any state law enacted to regulate the business of insurance whose operation would be impaired by federal preemption. Arguing that enforcement of the arbitration clause pursuant to the "emphatic federal policy" of the FAA would invalidate or impair the IRLL's establishment of exclusive jurisdiction in the Franklin Circuit Court, the Liquidator contends the FAA must be deemed reverse-preempted.

### 3. *Ernst & Young v. Clark*

This, specifically, was the holding of the Kentucky Supreme Court in *Ernst & Young, LLP v. Clark*, 323 S.W.3d 682 (Ky. 2010): "[T]he federal policy favoring arbitration is subordinated to the state's superior interest in having matters relating to the rehabilitation of an insurance company adjudicated in the Franklin Circuit Court." *Id.* at 692. In reaching this conclusion, the *Ernst & Young* court applied the three-part test for reverse-preemption established by the U.S. Supreme Court:

> The test is whether: 1) the state statute was enacted for the purpose of regulating the business of insurance; 2) the federal statute involved "does not specifically

- 10 -

relat[e] to the business of insurance"; and 3) the application of the federal statute would "invalidate, impair, or supersede" the state statute regulating insurance. *Humana Inc. v. Forsyth*, 525 U.S. 299, 307 (1999).

*Id.* at 688. *Ernst & Young* represents a straightforward application of the governing test. First, the court held there could be no reasonable doubt that the IRLL was enacted to regulate the business of insurance: "The IRLL is itself the ultimate measure of the state's regulation of the insurance business: the take-over of a failing insurance company." *Id.* at 689. Second, the court held "[t]he second step of the *Forsyth* test is satisfied because the Federal Arbitration Act does not 'specifically relate to the business of insurance.'" *Id.* This conclusion, too, was noncontroversial. Third, the court carefully considered the extent to which enforcement of contractual arbitration clauses would conflict with any provisions of the IRLL and held that it would.

In regard to this "impair, invalidate, or supersede" element, *Ernst & Young* placed heavy emphasis on one of the purposes of the IRLL, served by establishment of exclusive jurisdiction in the Franklin Circuit Court: "enhanced efficiency and economy of liquidation, through the *consolidation of matters relating to the liquidation under the supervision of a single court* so as to avoid divergent rulings by a multiplicity of judicial tribunals." *Id.* (quoting Ky. Rev. Stat. § 304.33-010(4)(c) (emphasis added by the court)). The court concluded:

> Compelling the enforcement of the arbitration agreements in this case would remove virtually all of the supervisory authority of the Franklin Circuit Court over the adjudication of the Rehabilitator's claims against Ernst & Young and place it in the hands of the arbitrators. Thus, all discovery issues, evidentiary disputes, and determinations of applicable law would be made by the arbitrators, not by the court as the General Assembly intended.

*Id.* at 690. The court thus ruled that the IRLL, by virtue of the McCarran-Ferguson Act, reverse-preempted the Federal Arbitration Act and the federal policy favoring arbitration was held to be

subordinated to the state's superior interest in having matters relating to the rehabilitation of an insurance company adjudicated in the Franklin Circuit Court. *Id.* at 692.

Although *Ernst & Young* represents strong authority for the Liquidator's position, it is not controlling. *Ernst & Young* is distinguishable because enforcing the FAA policy in favor of arbitration in this case will not result in a conflict with the IRLL's exclusive-jurisdiction provision. This is due to the district court's earlier jurisdictional ruling, which means that further proceedings in this case will not take place in the Franklin Circuit Court—irrespective of whether the arbitration clause is enforced or not. Whether further proceedings take the form of litigation in the district court or arbitration under the rules of the American Health Lawyers Association Alternative Dispute Resolution Service in Washington, D.C., "the state's superior interest in having matters relating to the rehabilitation of an insurance company adjudicated in the Franklin Circuit Court," *Ernst & Young*, 323 S.W.3d at 692, no longer plays a role in this case.

The very interest served by the IRLL that was deemed in *Ernst & Young* to justify subordination of the federal policy favoring arbitration—the only state interest identified in *Ernst & Young* that would be impaired by enforcement of the arbitration clauses—is not at issue at this juncture in this case. Apart from this exclusive-jurisdiction interest, the Liquidator has not identified any other way in which enforcement of the arbitration clause to resolve her breach of contract and negligence claims against CGI will impair or invalidate a state law regulating the business of insurance. It follows that the third element of the test applied in *Ernst & Young* is not met in this case. This is a material and potentially dispositive distinction that eviscerates the persuasive weight of *Ernst & Young*, as applied to this case.

### 4. *Federal Case Law*

Still, the Liquidator cites other case law in support of her position that the IRLL should still be deemed to reverse-preempt the FAA. The Liquidator cites *Davister Corp. v. United Republic Life Insurance Co.*, 152 F.3d 1277, 1281–82 (10th Cir. 1998); *Munich American Reinsurance Co. v. Crawford*, 141 F.3d 585, 592–93 (5th Cir. 1998); and *Stephens v. American International Insurance Co.*, 66 F.3d 41, 45 (2d Cir. 1995). *Stephens* is inapposite, relying as it does on an anti-arbitration provision in Kentucky's IRLL that has since been removed from the statute. *Id.* at 43, 46. The remaining cases, *Davister* and *Munich American*, like *Ernst & Young*, stand for the proposition that a state law regulating the business of insurance that effectively establishes exclusive jurisdiction over liquidation proceedings in state court would be impaired by permitting enforcement of an arbitration clause in a different forum and, therefore, the state law reverse-preempts the FAA. Both cases, like *Ernst & Young*, would arguably carry more persuasive weight *if* enforcement of the arbitration clause in this case operated to remove the Liquidator's claims against CGI from the Franklin Circuit Court. But it does not. Removal of the claims from state court has already been accomplished by CGI's notice of removal and the district court's denial of the Liquidator's motion to remand. Removal is a *fait accompli* and neither reversal nor affirmance of the ruling at issue in this appeal—i.e., the district court's denial of CGI's motion to compel arbitration—will return the case to the Franklin Circuit Court.

Thus, the line of cases represented by *Davister*, *Munich American*, and *Stephens* does not help the Liquidator. Moreover, all three cases were expressly considered and disfavored by the Sixth Circuit in *AmSouth Bank*, 386 F.3d at 781–83. *AmSouth Bank* emphasized that the impairment element must be evaluated narrowly, not broadly. *Id.* (citing *Forsyth*, 525 U.S. at 311, 313). The court focused on whether the *particular* action under federal law would *directly*

- 13 -

impair, in contrast to having "only an attenuated connection to," state law regulation of the business of insurance. *Id.* at 783. Subsequent Sixth Circuit decisions have followed *AmSouth Bank*'s lead, applying the McCarran-Ferguson reverse-preemption doctrine narrowly, with reference to the particular facts of the case. *See Genord v. Blue Cross & Blue Shield of Michigan*, 440 F.3d 802, 806–08 (6th Cir. 2006) (holding RICO claim was not reverse-preempted); *Riverview Health Inst., LLC, v. Medical Mutual of Ohio*, 601 F.3d 505, 513–19 (6th Cir. 2010) (noting that "courts should narrowly construe the McCarran-Ferguson Act" but holding that the plaintiffs' RICO claims would impair Ohio's insurance regulatory scheme and were reverse-preempted). It follows that to apply the analysis of *Ernst & Young* to effectuate reverse-preemption, even though such a ruling would not, in this case, result in transfer of the litigation to the exclusive jurisdiction of the state court, would be directly contrary to the teaching of our precedents, a result we may not countenance.

Rather, applying the Sixth Circuit's established preference for a narrow construction of reverse-preemption, with emphasis on the *particular* facts of the case and the prospects of *direct* impairment of the state's regulation of the business of insurance for the benefit of policyholders, *see Genord*, 440 F.3d at 806–08, the correct outcome is clear. Because enforcing the parties' contractual arbitration clause, consistent with the FAA, would not, in this case, directly invalidate or impair or supersede the exclusive-jurisdiction provision in Kentucky's IRLL—i.e., because the case has already been removed from the Franklin Circuit Court—the IRLL exclusive-jurisdiction provision does not present a superior state interest in this case and does not operate to reverse-preempt CGI's entitlement to arbitration. It follows that the district court's denial of the motion to compel arbitration, insofar as it rests on reverse-preemption grounds, is in error and must be vacated.

## IV. CONCLUSION

The Liquidator's reverse-preemption position is thus rejected. Reverse-preemption is no obstacle to enforcement of the contractual arbitration clause. We therefore **VACATE** the district court's order denying CGI's motion to compel arbitration and **REMAND** the case for further proceedings.[2]

---

[2] Having made this ruling, we have resolved one of several issues that were in play when the district court denied the Liquidator's motion to abstain. That ruling is not before us and we express no opinion on it or on whether abstention would be appropriate on remand.

**JANE B. STRANCH, Circuit Judge, concurring.** I join the majority opinion. I agree that the IRLL does not, by operation of the McCarran-Ferguson Act, reverse preempt the FAA because denying the petition to compel arbitration would not return the case to the Franklin Circuit Court. I write separately to make two points related to the abstention analysis.

I begin with the statement that *Burford* abstention is not appropriate "because CGI's entitlement to arbitration arises in an action for damages." Lead Op. at 8 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728, 730 (1996)). This sentence helps to explain why we do not abstain here, but it does not declare that *Quackenbush* permanently forecloses the option of abstaining under *Burford* when a court is presented with a petition to compel arbitration. *Quackenbush*, like the case before us, was a suit for contract and tort damages brought by a state insurance commissioner on behalf of an insolvent insurance company. 517 U.S. at 709. The Supreme Court concluded that the district court was incorrect to remand the case to state court, explaining that dismissal or remand under *Burford* was available "only where the relief being sought is equitable or otherwise discretionary." *Id.* at 731. The word "relief," however, did not refer to the order compelling arbitration, but to the ultimate goal of the underlying suit—damages. The Court summarized its holding, "[b]ecause this was a damages action, we conclude that the District Court's remand order was an unwarranted application of the *Burford* doctrine." *Id.* That conclusion was preceded by an important caveat:

> [A]s demonstrated by our decision in *Thibodaux*, we have not held that abstention principles are completely inapplicable in damages actions. *Burford* might support a federal court's decision to postpone adjudication of a damages action pending the resolution by the state courts of a disputed question of state law. For example, given the situation the District Court faced in this case, a stay order might have been appropriate. . . .

*Id.* at 730–31 (citation omitted). Applying this language to the case before us, it is clear that we lack the authority to dismiss this damages-seeking suit on *Burford* grounds. And any stay order

would not be necessary here for two reasons. First, the underlying tort and contract law governing the claims is not disputed. Second, because diversity jurisdiction is available in this case brought by, and not against, the Liquidator, determining whether CGI has a contractual right to arbitration is not "likely to have a disruptive effect on Kentucky's efforts to establish a coherent policy regarding the rehabilitation and liquidation of insurance companies." Lead Op. at 8 (citing *AmSouth Bank v. Dale*, 386 F.3d 763, 783–84 (6th Cir. 2004)).

Second, it bears emphasizing that, in declining to abstain under *Colorado River* "at this stage of the case, in this appeal," Lead Op. at 8, we do not address whether abstention would be appropriate on remand. The district court, considering the entire record before it and the progress of the state court litigation, must make its own determination about the dictates of "wise judicial administration." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976).