RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 26a0116p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ELAINE R. SMITH, guardian for Thomas K. Irwin, a protected person,

*Plaintiff-Appellee,*

*v.*

MIAMI VALLEY HOSPITAL and PREMIER HEALTH PARTNERS, care of Cara W. Powers, Registered Agent; TRENT DAVIS,

*Defendants-Appellants.*

No. 24-3983

———————————

Appeal from the United States District Court for the Southern District of Ohio at Dayton.
No. 3:23-cv-00365—Michael J. Newman, District Judge.

Argued: March 18, 2026

Decided and Filed: April 20, 2026

Before: BUSH, READLER, and DAVIS, Circuit Judges.

———————————

**COUNSEL**

**ARGUED:** Catherine H. Jackson, BIESER, GREER & LANDIS, LLP, Dayton, Ohio, for Appellants. Robert G. Kamenec, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., Southfield, Michigan, for Appellee. **ON BRIEF:** John F. Haviland, Amber R. Mullaly, Jaren A. Hardesty, BIESER, GREER & LANDIS, LLP, Dayton, Ohio, for Appellants. Robert G. Kamenec, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., Southfield, Michigan, for Appellee.

―――――――――

**OPINION**

―――――――――

JOHN K. BUSH, Circuit Judge.   After exiting Miami Valley Hospital, Thomas K. Irwin publicly urinated.   Following a brief pursuit, Officer Trent Davis tackled Irwin, leaving Irwin permanently incapacitated.   Elaine R. Smith, Irwin's mother and guardian, sued Davis and his employers (among others) for excessive force and state-law torts.

Davis answered, and Smith served discovery requests on him and his employers.   They did not respond.   Instead, they moved for summary judgment based on qualified immunity, to dismiss for lack of subject matter jurisdiction, and to stay discovery.   The summary judgment record includes a video that shows all relevant events (albeit without audio).   An affidavit from Davis explaining his version of events was also attached to the summary judgment papers.

Smith asked the district court to deny Davis's motion to stay discovery and sought a deferral of a ruling on summary judgment under Federal Rule of Civil Procedure 56(d)[1] based on Davis and his employers' failure to engage with discovery prior to moving for summary judgment.   The district court denied the motion to stay discovery, ordered further discovery, and deferred ruling on the summary judgment motion until after the close of discovery.[2]   The district court explained that additional discovery was necessary because "[s]ome differences appear when the allegations in Defendant Davis's affidavit are compared to the allegations in Plaintiff's complaint."   R. 56, Order, PageID 897.   The district court did not explain how the video fit into the summary judgment analysis.   Despite some apparently contradictory allegations, the district court "d[id] not intend to find or even suggest that genuine issues of material fact do or do not exist."   *Id.* at PageID 897 n.4.   It cabined discovery to those issues necessary to "inexpensively, justly, and expeditiously litigate [the] motion for summary judgment."   *Id.* at PageID 898.

―――――――――――――

[1]The Rules Advisory Committee renumbered Rule 56(f) to Rule 56(d) in 2010 without changing the rule's text.   Fed. R. Civ. P. 56(d) advisory committee's note to the 2010 amendment.

[2]The district court did not explicitly rule on the request for a deferral under Rule 56(d), but the district court's decision to order further discovery before deciding the summary judgment motion effectively granted that request.

Davis and the employers appealed.  Smith moved to dismiss the appeal, and our motions panel ordered the motion carried with the case.  *Smith v. Mia. Valley Hosp.*, No. 24-3983, 2025 LX 267118, at *2 (6th Cir. July 21, 2025).

Ordinarily, interlocutory orders, like discovery orders, are not immediately appealable. *See Everson v. Leis*, 556 F.3d 484, 491 (6th Cir. 2009); *In re Flint Water Cases*, 960 F.3d 820, 829 (6th Cir. 2020).  However, when "the district court effectively denie[s] . . . qualified immunity," we have jurisdiction under the collateral order doctrine.  *Klein v. Long*, 275 F.3d 544, 549 (6th Cir. 2001).  An inappropriate Rule 56(d) deferral is immediately appealable as an order effectively denying qualified immunity.[3]  *See Everson*, 556 F.3d at 493.

Officers are entitled to a decision on qualified immunity at the earliest stage in the litigation because qualified immunity is an immunity from suit, not an immunity from liability. *Skousen v. Brighton High Sch.*, 305 F.3d 520, 525–27 (6th Cir. 2002).  That means the defendant is entitled to avoid "the potential disruptiveness of discovery."  *Everson*, 556 F.3d at 491.  When the district court is "faced with a motion based on qualified immunity," it cannot "avoid ruling on the issue" by simply ordering further discovery.  *Id.* at 492 (quoting *Summers v. Leis*, 368 F.3d 881, 886 (6th Cir. 2004)).  If qualified immunity "is properly raised prior to discovery, the district court has a duty to address it."  *Summers*, 368 F.3d at 886.

That said, "[a] district court can, of course, determine in its reasoned judgment that a decision on a motion for summary judgment cannot be made without further discovery." *Everson*, 556 F.3d at 492–93.  To justify such a finding, the district court must "review the motion and its supporting documents[,] as well as the plaintiff's opposition and its supporting documents," *Skousen*, 305 F.3d at 527, to determine "whether discovery [i]s actually necessary"

---

[3]Generally, we cannot consider any merits issues unless we have first determined that we have appellate jurisdiction.  *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981).  But when the answer to a jurisdictional question turns in part on the merits, this "court must still answer the jurisdictional question," even if "it must inevitably decide some, or all, of the merits issues."  *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 581 U.S. 170, 178 (2017).  Here, whether we have jurisdiction turns in part on whether the district court could "determine in its reasoned judgment that a decision on a motion for summary judgment cannot be made without further discovery."  *Everson v. Leis*, 556 F.3d 484, 492–93 (6th Cir. 2009).  So the proper procedure is to review only those merits issues necessary to deciding the jurisdictional issue, decide the jurisdictional issue, and then act accordingly.  *See Follen v. Comm'r of Soc. Sec.*, 167 F.4th 352, 357–58 (6th Cir. 2026); *see also Everson*, 556 F.3d at 492–93 (following this procedure in reviewing a Rule 56(d) deferral).

to resolve the qualified immunity issue. *Everson*, 556 F.3d at 493. "Only then, and only on a finding that material facts [are] in dispute, [is] the court at liberty to hold the motion in abeyance pending discovery." *Skousen*, 305 F.3d at 527.

Even though the district court identified "some differences" between the parties' accounts of the interaction, it expressly disclaimed finding or intending to find any genuine dispute of material fact. And it appeared to consider only some of the facts available to it. In particular, its order makes no mention of the video evidence. That omission is significant for our decision here because unambiguous videos can prevent a district court from finding that a genuinely disputed material fact makes summary judgment inappropriate. *See Scott v. Harris*, 550 U.S. 372, 380–81 (2007). The district court was therefore required to review the video and determine whether, in light of the video and the allegations made in the Rule 56(d) affidavit, "discovery [i]s actually necessary" to decide the qualified immunity issue because there remained a genuine dispute of material fact. *Everson*, 556 F.3d at 493. Without such an analysis and finding, we cannot conclude that the district court correctly determined "that a decision on a motion for summary judgment cannot be made without further discovery." *Id.* at 492–93. Such an error effectively denied qualified immunity, which gives us jurisdiction to correct the district court's error. *See Everson*, 556 F.3d at 493. We therefore vacate the district court's order.

Davis asks us to go further and reach the merits of his qualified immunity claim. Although we have at times resolved the summary judgment issue on appeal before the district court ruled on the motion, *see Everson*, 556 F.3d at 490, our usual practice is to allow a district court, which errs on a predicate issue, to consider subsequent issues in the first instance, *see e.g.*, *Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 459 (6th Cir. 2019). That approach accords with the nature of the district court's misstep. Its mistake here was failing to stay discovery without finding a genuine dispute of material fact, not failing to grant summary judgment. And the district court's order refusing to stay discovery was what Davis appealed. Our decision vacating that order remedies the harm to Davis from further potential discovery while the district court sorts out whether he is entitled to qualified immunity on the extant summary judgment record. *See Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003) (remanding to the district court to

address the merits of summary judgment after determining that the district court should not have let discovery proceed).  There is no need to go any further.

We therefore **DENY** the motion to dismiss, **VACATE** the district court's order, and **REMAND** for further proceedings not inconsistent with this opinion.